1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   | TENIAH TERCERO,                     | No.  2:24-cv-00953-DC-JDP

12   |              Plaintiff,

13   |        v.                           | ORDER GRANTING DEFENDANT C&S
                                            LOGISTICS OF SACRAMENTO/TRACY
14   | SACRAMENTO LOGISTICS LLC, et al.,   | LLC'S MOTION TO DISMISS PLAINTIFF'S
                                            COMPLAINT PURSUANT TO FED. R. CIV.
15   |              Defendants.            | P. 12(b)(2) FOR LACK OF PERSONAL
                                            JURISDICTION
16
17                                          (Doc. No. 16)

18          This matter is before the court on Defendant C&S Logistics of Sacramento/Tracy LLC's

19   motion to dismiss Plaintiff's claims against it due to this court's lack of personal jurisdiction.

20   (Doc. No. 16.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to

21   be decided on the papers. (Doc. No. 18.) For the reasons explained below, the court will grant

22   Defendant's motion to dismiss.

23                                **BACKGROUND**

24          On February 16, 2024, Plaintiff Teniah Tercero filed a wage-and-hour class action

25   complaint against Defendants C&S Logistics of Sacramento/Tracy LLC ("C&S Logistics"),

26   Sacramento Logistics LLC ("Sacramento Logistics"), and C&S Wholesale Grocers, LLC ("C&S

27   Wholesale") (collectively, "Defendants") in Sacramento County Superior Court. (Doc. No. 1 at

28   38–66.) Plaintiff's complaint alleges various violations of the California Labor Code and

1

1    California Business & Professions Code. (*Id.* at 56–65.) Plaintiff alleges Defendants are Delaware

2    limited liability companies that are authorized to do business in California and are doing business

3    in California. (*Id.* at 39–40.) Plaintiff alleges she worked for Defendants from approximately July

4    2021 through August 2022 in Sacramento, California, but does not specify which of the three

5    Defendants was her employer. (*Id.* at 39.) Plaintiff seeks to represent a proposed class of all

6    current and former non-exempt employees who worked for any of the Defendants at any location

7    in California within the four years prior to the filing of the complaint. (*Id.* at 43.)

8         On March 27, 2024, Defendants removed this action to this federal district court pursuant

9    to 28 U.S.C. § 1446, alleging diversity jurisdiction under the Class Action Fairness Act

10   ("CAFA") (28 U.S.C. § 1332(d)), traditional diversity jurisdiction (28 U.S.C. § 1332(a)), and

11   federal question jurisdiction (28 U.S.C. § 1331). (*Id.*) Plaintiff did not file a motion to remand to

12   challenge Defendants' removal of this action.

13        On May 31, 2024, Defendant C&S Logistics filed the pending motion to dismiss

14   Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground

15   that this court lacks personal jurisdiction over Defendant C&S Logistics.[1] (Doc. No. 16.) On June

16   14, 2024, Plaintiff filed an opposition to the pending motion. (Doc. No. 22.) On June 24, 2024,

17   Defendant C&S Logistics filed its reply thereto. (Doc. No. 26.)

18                                   **LEGAL STANDARD**

19        Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a

20   complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In opposing a defendant's

21   motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing

22   jurisdiction is proper. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Where the

23   defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff

24   need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss.

25

26   [1] Also on May 31, 2024, Defendants Sacramento Logistics and C&S Wholesale filed a motion to
     compel arbitration of Plaintiff's claims brought against them (Doc. No. 15) and a motion to

27   dismiss and/or strike Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and
     12(f) (Doc. No. 17). Both of those motions remain pending and will be resolved by separate

28   order.

                                          2

1    *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "Uncontroverted

2    allegations in the complaint are taken as true, but in the face of a contradictory affidavit, the

3    'plaintiff cannot simply rest on the bare allegations of its complaint.'" *Yamashita v. LG Chem,*

4    *Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (quoting *Mavrix*, 647 F.3d at 1223); *see also Data Disc,*

5    *Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (a court "may not assume the

6    truth of allegations in a pleading which are contradicted by affidavit"). Rather, the plaintiff must

7    "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v.*

8    *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citation omitted).

9        Where, as here, no federal statute authorizes personal jurisdiction, the law of the state in

10   which the district court sits applies. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th

11   Cir. 1993). California's long-arm jurisdictional statute is coextensive with federal due process

12   requirements. *Id.* Due process requires that the defendant "have certain minimum contacts with

13   [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair

14   play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation

15   omitted). "Depending on the strength of those contacts, there are two forms that personal

16   jurisdiction may take: general and specific." *Picot*, 780 F.3d at 1211 (citing *Boschetto v. Hansing*,

17   539 F.3d 1011, 1016 (9th Cir. 2008)). General jurisdiction exists when the defendant is domiciled

18   in the forum state or has contacts with the forum state that are so "continuous and systematic" as

19   to render the defendant essentially "at home" in that forum. *Goodyear Dunlop Tires Operations,*

20   *S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction exists when a suit arises out of or

21   relates to the defendant's contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

22       Here, this court's personal jurisdiction over Defendant C&S Logistics is purportedly

23   based on specific jurisdiction, not general jurisdiction. (Doc. No. 22.) Courts apply a three-part

24   test to determine whether it can exercise specific personal jurisdiction over a defendant:

25           (1) The non-resident defendant must purposefully direct his activities
             or consummate some transaction with the forum or resident thereof;
26           or perform some act by which he purposefully avails himself of the
             privilege of conducting activities in the forum, thereby invoking the
27           benefits and protections of its laws;

28           (2) the claim must be one which arises out of or relates to the

1

defendant's forum-related activities; and

2

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

3

4

*Davis v. Cranfield Aerospace Sols., Ltd.,* 71 F.4th 1154, 1161–62 (9th Cir. 2023) (citing

5

*Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004)). "The plaintiff

6

bears the burden of meeting the first two prongs while the defendant shoulders the burden on the

7

final prong." *Id.* "If any of the three requirements is not satisfied, jurisdiction in the forum would

8

deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d

9

267, 270 (9th Cir. 1995).

10

**ANALYSIS**

11

Defendant C&S Logistics moves to dismiss on the basis that this court lacks personal

12

jurisdiction over it. (Doc. No. 16.) In her opposition to the pending motion, Plaintiff does not

13

contend that the court has general personal jurisdiction over Defendant C&S Logistics. Rather,

14

Plaintiff argues that the court has specific personal jurisdiction over Defendant C&S Logistics

15

because (1) Defendant C&S Logistics is the alter ego of its wholly owned subsidiary non-party

16

Tracy Logistics LLC ("Tracy Logistics"), or (2) Defendant C&S Logistics is the agent of

17

Defendant C&S Wholesale.[2] (Doc. No. 22.) The court addresses each argument in turn.

18

**A.      Alter Ego Test**

19

"The existence of a parent-subsidiary relationship is insufficient, on its own, to justify

20

imputing one entity's contacts with a forum state to another for the purpose of establishing

21

personal jurisdiction." *Ranza v. Nike, Inc*., 793 F.3d 1059, 1070 (9th Cir. 2015). However, "in

22

certain limited circumstances, the veil separating affiliated entities may be pierced to impute

23

liability from one entity to the other." *Id.* Under the alter ego test, a plaintiff can "pierce[] the

24

25

[2] Plaintiff does not assert that Defendant C&S Logistics is subject to specific personal jurisdiction on any basis other than its capacity as an alter ego of non-party Tracy Logistics or as an agent of

26

Defendant C&S Wholesale. To be clear, Plaintiff does not assert Defendant C&S Logistics *itself* has purposefully directed activities towards California. Because the court finds, as a preliminary

27

matter, that Defendant C&S has not satisfied either the alter ego test or the agency test, the court does not reach the parties' arguments with regard to the three-part test for specific personal

28

jurisdiction.

1   corporate veil 'by showing that the subsidiary and the parent are one and the same . . . and thus,

2   the jurisdictional contacts of the subsidiary are also jurisdictional contacts of the parent.'" *Gibson*

3   *v. Walmart Inc.*, No. 5:22-cv-00238-JWH-KK, 2023 WL 11195913, at *3 (C.D. Cal. Dec. 12,

4   2023) (citation omitted). "To satisfy the alter ego test, a plaintiff must make out a prima facie case

5   (1) there is such unity of interest and ownership that the separate personalities [of the two entities]

6   no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or

7   injustice." *Ranza*, 793 F.3d at 1073 (citation and internal quotation marks omitted) (alterations in

8   original).

9           The "unity of interest and ownership" prong requires a "showing that the parent controls

10   the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Id.*

11   (citation omitted). "This test envisions pervasive control over the subsidiary, such as when a

12   parent corporation 'dictates every facet of the subsidiary's business—from broad policy decisions

13   to routine matters of day-to-day operation.'" *Id.* (citation omitted). "Total ownership and shared

14   management personnel are alone insufficient to establish the requisite level of control." *Id.* (citing

15   *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)).

16           Courts consider nine factors when assessing whether a unity of interest and ownership

17   exists under the alter ego test:

18           (1) inadequate capitalization, (2) commingling of funds and other
             assets, (3) disregard of corporate formalities and failure to maintain
19           an arm's length relationship, (4) holding out by one entity that is
             liable to the debts of the other, (5) identical equitable ownership, (6)
20           use of the same offices and employees, (7) lack of segregation of
             corporate records, (8) manipulating assets between entities so as to
21           concentrate the assets in one and the liabilities in another, and (9)
             identical directors and officers.
22

23   *Scanlon v. Curtis Int'l Ltd.*, 465 F. Supp. 3d 1054, 1064 (E.D. Cal. 2020) (citing *Stewart v.*

24   *Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 955 (N.D. Cal. 2015)).

25           In opposing the pending motion, Plaintiff argues that Defendant C&S Logistics is the alter

26   ego of non-party Tracy Logistics, its wholly owned subsidiary. (Doc. No. 22 at 7–8.) To support

27   this argument, Plaintiff points to the fact that Defendant C&S Logistics and Tracy Logistics share

28   the same New Hampshire address and employ the same attorney to represent them in cases

                                                    5

1   pending before this court. (*Id.* at 8.) Plaintiff also contends Defendant C&S Logistics and Tracy

2   Logistics "work together as a unified front to recruit and employ individuals in California"

3   alongside other entities in the "C&S Family of Companies" such as Defendants Sacramento

4   Logistics and C&S Wholesale. (*Id.*) Plaintiff provides the declaration of her attorney Sepideh

5   Ardestani, which attaches statements of information from the California Secretary of State for

6   Defendant C&S Logistics and Tracy Logistics showing both entities have the same "principal"

7   and "mailing" address, corporate disclosure statements listing the same attorney for Defendant

8   C&S Logistics and Tracy Logistics, and a job posting for a "Project Manager, Logistic [] in

9   Stockton, California" from the "C&S Family of Companies" website.[3] (Doc. No. 22-1.)

10          In its reply, Defendant C&S Logistics argues that Plaintiff has not presented sufficient

11   evidence that C&S Logistics and Tracy Logistics fail to observe their respective corporate

12   formalities. (Doc. No. 26 at 9.) In Defendant C&S Logistics' view, Plaintiff's arguments "fall far

13   short of showing that [it] exercises pervasive control over Tracy [Logistics]." (*Id.*) Defendant

14   C&S Logistics further argues Plaintiff's alter ego theory must fail because she does not allege

15   fraud or injustice under the second prong of the alter ego test. (*Id.*) The court is persuaded by

16   Defendant C&S Logistics' arguments in this regard.

17          Plaintiff's failure to address fraud or injustice under the second prong of the alter ego test

18   "alone dooms [her] alter-ego theory." *Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052,

19   1059 (N.D. Cal. 2022). Plaintiff's contentions are also insufficient to show a "unity of interest and

20   ownership" between Defendant C&S Logistics and Tracy Logistics under the first prong of the

21   alter ego test. Plaintiff's reliance on job postings from the "C&S Family of Companies" website

22   is misplaced. "[C]ourts recognize that separate corporate entities presenting themselves as one

23   online does not rise to the level of unity of interest required to show companies are alter egos."

24   *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 984 (N.D. Cal. 2016). In any event, the

25   "C&S Family of Companies" website does not identify Defendant C&S Logistics, let alone its

26

27   [3] Defendant C&S Logistics advances several evidentiary objections to attorney Sepideh
     Ardestani's declaration. (Doc. No. 26-2.) Because the objected to material is not relied upon by
28   the court, it need not address Defendant C&S Logistics' objections.

1      relationship with Tracy Logistics. In fact, the "company" listed on the California job posting

2      Plaintiff relies on is not Defendant C&S Logistics or Tracy Logistics, but rather Defendant C&S

3      Wholesale. (Doc. No. 22-1 at 128–29.) Furthermore, Plaintiff's evidence that Defendant C&S

4      Logistics and Tracy Logistics share the same New Hampshire address and have the same attorney

5      only satisfies one of the nine factors used to assess whether a unity of interest and ownership

6      exists. *See Scanlon*, 465 F. Supp. 3d at 1064. For these reasons, the court concludes that Plaintiff

7      fails to make a *prima facie* showing that Defendant C&S Logistics is the alter ego of Tracy

8      Logistics such that this court has specific personal jurisdiction over Defendant C&S Logistics on

9      that basis.

10     **B.      Agency Test**

11            "Agency is the fiduciary relationship that arises when [a principal] manifests assent to [an

12     agent] that the agent shall act on the principal's behalf and subject to the principal's control, and

13     the agent manifests assent or otherwise consents so to act." *Am. Airlines, Inc. v. Mawhinney*, 904

14     F.3d 1114, 1124 (9th Cir. 2018) (citation omitted) (alterations in original). Specific personal

15     jurisdiction may be based on an agent's contacts with the forum state where the agent "act[s] on

16     the principal's behalf and subject to the principal's control." *Williams v. Yamaha Motor Co.*, 851

17     F.3d 1015, 1024 (9th Cir. 2017).

18            Plaintiff argues Defendant C&S Logistics is the agent of its parent, Defendant C&S

19     Wholesale, and specific personal jurisdiction over Defendant C&S Logistics exists on that basis.

20     (Doc. No. 22 at 9.) Plaintiff's agency theory fails for two reasons. First, Plaintiff "employs a

21     novel 'reverse-agency' theory with no legal support: attributing to the agents (foreign

22     subsidiaries) the contacts of the principal." *Iconlab, Inc. v. Bausch Health Cos., Inc.*, 828 F.

23     App'x 363, 365 (9th Cir. 2020) (declining to apply a "reverse-agency theory"). Second, Plaintiff's

24     only factual contention to support this reverse-agency theory is that an agency relationship exists

25     between Defendant C&S Wholesale and Defendant C&S Logistics because without Defendant

26     C&S Wholesale (the principal), Defendant C&S Logistics (the agent) "would be forced to

27     undertake to perform substantially similar services." (Doc. No. 22 at 9.) Not only is this argument

28     flawed because it has the principal and agent backwards (i.e., it is the *principal* that would be

1    forced to undertake services if the *agent* did not perform those services), but this test, which had

2    been used in the Ninth Circuit as a basis for assessing personal jurisdiction, was expressly

3    rejected by the United States Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). *See*

4    *Williams*, 851 F.3d at 1024–25 (recognizing that in light of the *Daimler* decision, courts no longer

5    ask whether a subsidiary "performs services that are sufficiently important to the foreign

6    corporation that if it did not have a representative to perform them, the corporation's own

7    officials would undertake to perform substantially similar services" for personal jurisdiction

8    purposes). The relevant inquiry for finding an agency relationship is whether the subsidiary

9    (agent) acts on behalf of the parent company (principal) and the parent company (principal) has

10    the right to substantially control the activities of the subsidiary (agent). *Id.* Plaintiff has not

11    presented any evidence suggesting Defendant C&S Logistics acts on Defendant C&S

12    Wholesale's behalf or is subject to Defendant C&S Wholesale's substantial control. Therefore,

13    the court concludes that Plaintiff fails to make a *prima facie* showing that Defendant C&S

14    Logistics is the agent of Defendant C&S Wholesale such that this court has specific personal

15    jurisdiction over Defendant C&S Logistics.

16    **C.     Jurisdictional Discovery**

17          In its opposition to the pending motion, Plaintiff requests that she be given an opportunity

18    to conduct jurisdictional discovery related to Defendant C&S Logistics' contacts with California

19    "in the event that the [c]ourt deems the record insufficiently developed to determine whether the

20    alter ego or agency tests are met." (Doc. No. 22 at 10.) Defendant C&S Logistics argues

21    Plaintiff's request for jurisdictional discovery should be denied because Plaintiff proffers no

22    explanation as to how or what discovery will lead to evidence establishing personal jurisdiction.

23    (Doc. No. 26 at 15.) Here too, the court agrees with Defendant C&S Logistics.

24          Jurisdictional discovery should ordinarily be granted where "pertinent facts bearing on the

25    question of jurisdiction are controverted or where a more satisfactory showing of the facts is

26    necessary." *Butcher's Union Local No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788

27    F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc*, 557 F.2d at 1285 n.1). However, "[w]here a

28    plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare

1  allegations in the face of specific denials made by defendants, the [c]ourt need not permit even

2  limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citation

3  omitted). In other words, limited jurisdictional discovery should not be permitted to conduct a

4  "fishing expedition." *Scanlon*, 465 F. Supp. 3d at 1067 (citation omitted).

5          "District courts in this circuit have required a plaintiff to establish a 'colorable basis' for

6  personal jurisdiction before discovery is ordered." *Martinez v. Manheim Cent. Cal.*, No. 1:10-cv-

7  01511-SKO, 2011 WL 1466684, at *4 (E.D. Cal. Apr. 18, 2011) (collecting cases). "This

8  'colorable' showing should be understood as something less than a prima facie showing, and

9  could be equated as requiring the plaintiff to come forward with 'some evidence' tending to

10  establish personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119

11  (C.D. Cal. 2007) (citation omitted).

12          Plaintiff has not made a colorable showing that personal jurisdiction over Defendant C&S

13  Logistics is appropriate. To be entitled to jurisdictional discovery, Plaintiff is required to produce

14  "'some evidence' tending to establish personal jurisdiction over the defendant." *Mitan*, 497 F.

15  Supp. 2d at 1119 (citation omitted). Plaintiff has not presented any evidence indicating Defendant

16  C&S Logistics has "continuous and systematic" contacts with California or that Plaintiff's claims

17  arise out of Defendant C&S Logistics' contacts with California, even under an alter ego or agency

18  theory. Moreover, Plaintiff has not specified what discovery she intends to conduct or how that

19  discovery would reveal facts giving rise to personal jurisdiction over Defendant C&S Logistics.

20  Therefore, the court concludes that jurisdictional discovery is unwarranted.

21          Having found that none of Plaintiff's asserted bases for personal jurisdiction over

22  Defendant C&S Logistics exist, and jurisdictional discovery is unwarranted, the court will grant

23  Defendant C&S Logistics' motion to dismiss Plaintiff's claims against it due to a lack of personal

24  jurisdiction.

25                              **CONCLUSION**

26      For the reasons explained above:

27      1.      Defendant C&S Logistics of Sacramento/Tracy LLC's Rule 12(b)(2) motion to

28              dismiss for lack of personal jurisdiction (Doc. No. 16) is granted;

2. Defendant C&S Logistics of Sacramento/Tracy LLC is dismissed from this action; and

3. The Clerk of the Court is directed to update the docket to reflect that Defendant C&S Logistics of Sacramento/Tracy LLC has been terminated from this action.

IT IS SO ORDERED.

Dated:   **November 22, 2024**   _____

Dena Coggins
United States District Judge