Jamie K. Serb, Esq. (SBN 289601)
jamie@crosnerlegal.com
Sepideh Ardestani, Esq. (SBN 274259)
sepideh@crosnerlegal.com
Zachary M. Crosner, Esq. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff
TENIAH TERCERO

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENIAH TERCERO, as an individual and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO LOGISTICS LLC, a Delaware Limited Liability Company; C&S LOGISTICS OF SACRAMENTO/TRACY LLC, a Delaware Limited Liability Company; C&S WHOLESALE GROCERS, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No.:2:24-cv-00953-MCE-JDP<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Request for Judicial Notice; Certification of Meet and Confer Efforts; and [Proposed] Order]*<br><br>**Date: May 16, 2025**<br>**Time: 1:30 PM**<br>**Courtroom: 8**<br>**Judge: Hon. Dena Coggins** |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING
COMPLETION OF ARBITRATION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 16, 2025 at 1:30 p.m., or as soon thereafter as the matter can be heard in Courtroom 8, 13th Floor of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, California 95814, plaintiff Tenia Tercero ("Plaintiff") will and hereby does move for reconsideration of the Court's January 7, 2025 Order Granting Defendants' Motion to Compel Arbitration of Plaintiff's Individual Claims and Staying all Proceedings Pending Completion of Arbitration ("Arbitration Order").  This Motion is based on the following Memorandum of Points and Authorities, the evidence and records on file in this Action, and any other written or oral evidence or argument that may be presented at or before the time this Motion is heard.

Plaintiff respectfully requests that the Court reconsider its previous Arbitration Order granting Defendants' Motion to Compel Arbitration and instead void the Arbitration Order in its entirety.

Dated: March 20, 2025                    **CROSNER LEGAL, P.C.**

By: */s/ Sepideh Ardestani*
     Jamie K. Serb, Esq.
     Sepideh Ardestani, Esq.
     Zachary M. Crosner, Esq.
     Attorneys for Plaintiff
     TENIAH TERCERO

# **TABLE OF CONTENTS**

I.   INTRODUCTION..........................................................................................1

II.   PROCEDURAL HISTORY.........................................................................2

III.  LEGAL STANDARD .................................................................................4

IV.  ARGUMENTS ...........................................................................................5

    A.   PLAINTIFF ADEQUATELY MET AND CONFERRED WITH

         DEFENDANT PRIOR TO FILING THIS MOTION ...............................5

    B.   PLAINTIFF'S MOTION IS TIMELY MADE.........................................6

    C.   THIS COURT LACKED JURISDICTION TO ISSUE THE

         ARBITRATION ORDER BASED ON ITS PREVIOUS REMAND

         ORDER ....................................................................................................6

        1.   A FEDERAL COURT LOSES JURISDICTION ONCE A CASE

            IS REMANDED ................................................................................7

        2.   THIS COURT'S INCONSISTENT RULINGS CREATED A

            JURISDICTIONAL CONFLICT .......................................................7

        3.   THE ARBITRATION ORDER IS VOID AS A MATTER OF

            LAW ................................................................................................8

        4.   ARBITRATION CANNOT BE COMPELLED AS THIS COURT

            LACKED JURISDICTION.................................................................9

    D.   RELIEF IS WARRANTED UNDER FRCP 60(b)(6) DUE TO

         EXTRAORDINARY CIRCUMSTANCES..............................................9

        1.   EXTRAORDINARY CIRCUMSTANCES EXIST IN THIS CASE 9

        2.   RELIEF IS WARRANTED TO PRESERVE THE INTEGRITY

            OF THE JUDICIAL PROCESS .......................................................10

---

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.    THE COURT HAS BROAD DISCRETION TO GRANT RELIEF

UNDER FRCP 60(B)(6)..................................................................11

V.    CONCLUSION ..............................................................................12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING
COMPLETION OF ARBITRATION

# TABLE OF AUTHORITIES

## CASES

*Ackermann v. United States*

   340 U.S. 193, 202 (1950) ..................................................................................... 11

*Atlantic Marine Constr. Co. v. U.S. Dist. Court*

   (2013) 571 U.S. 49, 56 ........................................................................................ 9

*Cmty. Dental Servs. v. Tani*

   282 F.3d 1164, 1168 (9th Cir. 2002) .................................................................. 5

*Gersh v. Anglin*

   40 F.4th 917, 920 (7th Cir. 2022) ....................................................................... 8

*Gonzalez v. Crosby*

   545 U.S. 524, 532 (2005) ................................................................................... 10

*Griggs v. Provident Consumer Disc. Co.*

   (1982) 459 U.S. 56, 58 ........................................................................................ 6

*In re Barnet*

   737 F.3d 238, 247 (5th Cir. 2013) ...................................................................... 6

*In re Ctr. Wholesale, Inc.*

   759 F.2d 1440, 1447–48 (9th Cir. 1985) ............................................................ 6

*In re Loudermilch*

   158 F.3d 1143, 1145 (11th Cir. 1998) ................................................................ 7

*Klapprott v. United States*

   335 U.S. 601, 615 (1949) ................................................................................... 11

*Klein v. Avante Group, Inc.*

   199 F.3d 1328, 1331 (11th Cir. 2000) ................................................................ 7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING
COMPLETION OF ARBITRATION

*Meadows v. Dominican Republic*

817 F.2d 517, 521 (9th Cir. 1987) ................................................................ 6

*Million (Far East) Ltd. v. Lincoln Provisions, Inc., USA*,

581 F. App'x 679, 682 (9th Cir. June 30, 2014) ........................................ 6

*Phelps v. Alameida*

569 F.3d 1120, 1135 (9th Cir. 2009) ........................................................ 10

*Polo v. Innoventions Int'l, LLC*

833 F.3d 1193, 1197 (9th Cir. 2016) .......................................................... 8

*Proctor v. Vishay Intertechnology Inc.*

584 F.3d 1208, 1224 (9th Cir. 2009) .......................................................... 7

*Pyramid Lake Paiute Tribe of Indians v. Hodel*

882 F.2d 364, 369 n.5 (9th Cir. 1989) ........................................................ 5

*Sch. Dist. 1J v. ACandS Inc.*

5 F.3d 1255, 1263 (9th Cir. 1993) .............................................................. 4

*Thermtron Products, Inc. v. Hermansdorfer*

(1976) 423 U.S. 336, 345 ............................................................................ 7

*United States v. Beggerly*

524 U.S. 38, 46 (1998) .............................................................................. 10

*United States v. Tittjung*

235 F.3d 330, 335 (7th Cir. 2000) .............................................................. 8

*United States v. Washington*

593 F.3d 790, 797 (9th Cir. 2010) .............................................................. 5

*Vaden v. Discover Bank*

556 U.S. 49, 59 (2009) ................................................................................ 9

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION

*Wages v. I.R.S.*

   915 F.2d 1230, 1234 (9th Cir.1990) ........................................................ 5

**STATUTES**

28 U.S.C. § 1447(d) .................................................................................... 7

FRCP 60(b) ................................................................................................ 4

FRCP 60(b)(4) .................................................................................. passim

FRCP 60(b)(6) .................................................................................. passim

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING
COMPLETION OF ARBITRATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff, Teniah Tercero ("Plaintiff") respectfully submits this Motion for Reconsideration of the Court's Order dated January 7, 2025 ("Arbitration Order") (EFC No. 33), which granted Defendants' SACRAMENTO LOGISTICS LLC, C&S LOGISTICS OF SACRAMENTO/TRACY LLC C&S WHOLESALE GROCERS, LLC (hereinafter, collectively, "Defendants") Motion to Compel Arbitration of Plaintiff's individual claims and stay all proceedings in this matter pending completion of arbitration. Plaintiff seeks reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(4) and (b)(6) on the following grounds:

1.  **FRCP 60(b)(4) – Void Judgment**: Plaintiff asserts that the Court's Arbitration Order is void because it directly contradicts this Court's earlier order for remand in Tercero II and Tercero III ("Remand Order") (EFC No. 40). In those cases, this Court explicitly ordered that the matters be remanded to state court for resolution, which was not properly addressed or considered when the Court issued the Arbitration Order. The prior Remand Order renders the current Arbitration Order as void, as it is inconsistent with the Court's prior rulings and jurisdictional determinations. Accordingly, Plaintiff requests that the Court find the Arbitration Order void and reconsiders the decision.

2.  **FRCP 60(b)(6) – Extraordinary Circumstances**: In the alternative, Plaintiff requests reconsideration under FRCP 60(b)(6) due to extraordinary circumstances resulting from inconsistent rulings by this Court. This Court's Remand Order ruled that Defendants' Motion to Compel Arbitration in Tercero II and Tercero III was moot when it remanded those cases to state

1

court. However, this Court's Arbitration Order ordered arbitration of Plaintiff's individual claims in Tercero I, despite the claims being substantially the same. This inconsistency presents an extraordinary circumstance that justifies relief under FRCP 60(b)(6), as such contradictions create confusion and hardship. Furthermore, Plaintiff was deprived of a meaningful opportunity to be heard because the Court issued the Arbitration Order without allowing Plaintiff to address the jurisdictional inconsistency created by the prior remand decision. Enforcing the Arbitration Order would also result in manifest injustice, as it would force Plaintiff into arbitration despite prior rulings that deemed such arbitration moot in related cases, creating a procedural paradox that undermines Plaintiff's substantive rights.

Furthermore, Plaintiff has simultaneously filed her Motion for Remand. Plaintiff intends to consolidate Tercero I, Tercero II, and Tercero III once back in State Court.

For the reasons set forth below, Plaintiff respectfully requests that the Court grant this Motion for Reconsideration and vacate the Arbitration Order.

## II.   **PROCEDURAL HISTORY**

On February 16, 2024, Plaintiff filed this instant Class Action in the Sacramento County Superior Court with case number 24CV002889 ("Tercero I"). (Plaintiff's Request for Judicial Notice ("RJN", Exh. 1).

On February 26, 2024, Plaintiff filed another Class Action in the Sacramento County Superior Court with case number 24CV003371 with the same causes of action and naming the same Defendants ("Tercero II") (RJN, Exh. 2) and a Representative Action also in the Sacramento County Superior Court with case

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION

number 24CV013119 ("Tercero III"). Plaintiff is represented by Wilshire Law Firm in Tercero II and III. (RJN, Exh. 3).

On March 27, 2024, Tercero I was removed by Defendants to this Court. (EFC No. 1).

On March 28, 2024, Tercero II and Tercero III were removed by Defendants to this Court. (RJN, Exh. 4).

On April 5, 2024, Defendants filed a Notice of Related Case relating Tercero I, Tercero II, and Tercero III, along with other cases. (EFC No. 8).

On April 16, 2024, Senior District Judge Morrison C. England, Jr., designated Tercero I, Tercero II, and Tercero III, along with other cases, as related. (EFC No. 12).

On May 31, 2024, Defendants filed (1) Motion to Compel Individual Arbitration of Plaintiff's Claims and to Stay all Proceedings Pending Resolution of the Motion and/or Completion of Arbitration, (2) Motion to Dismiss for Lack of Jurisdiction by Defendant C&S Logistics of Sacramento/Tracy LLC, and (3) Motion to Dismiss by Defendant C&S Wholesale Grocers, LLC in Tercero I. (EFC Nos. 15, 16, and 17).

Also on May 31, 2024, Defendants filed (1) Motion to Compel Individual Arbitration of Plaintiff's Claims and to Stay all Proceedings Pending Resolution of the Motion and/or Completion of Arbitration, (RJN, Exh. 5), (2) Motion to Dismiss for Lack of Jurisdiction by Defendant C&S Logistics of Sacramento/Tracy LLC (RJN, Exh. 6), and (3) Motion to Dismiss by Defendant C&S Wholesale Grocers, LLC in Tercero II and III. (RJN, Exh. 7).

On June 13, 2024, Plaintiff filed Motions to Remand Tercero II and Tercero III back to the Sacramento County Superior Court. (RJN, Exh. 8).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION

On November 19, 2024, this Court granted Plaintiff's Motions to Remand Tercero II and Tercero III back to the Sacramento County Superior Court and ordered as moot, Defendants' Motion to Compel Arbitration and Motions to Dismiss. (RJN, Exh. 9).

On January 7, 2025, this Court granted Defendants' Motion to Compel Arbitration on Plaintiff's individual claims and granted Defendants' Motion to Dismiss Plaintiff's putative class claims, staying the action in its entirety pending the completion of arbitration in Tercero I.  (EFC No. 33).

Plaintiff has filed this instant Motion (and simultaneously, her Motion for Remand) based on FRCP 60(b)(4) – that the Arbitration Order is void due to the earlier Remand Order, and alternatively, (b)(6) – that the Arbitration Order is inconsistent with this Court's earlier Remand Order, creating an extraordinary circumstance that warrants relief to prevent manifest injustice and ensure a fair and consistent resolution of the claims. Furthermore, Plaintiff intends to consolidate Tercero I, Tercero II, and Tercero III once back in State Court.

## III.  <u>LEGAL STANDARD</u>

FRCP 60(b) provides for reconsideration of a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; **(4) the judgment is void**; (5) the judgment has been satisfied; and **(6) any other reason justifying relief**. Fed. R. Civ. P. 60(b); *Sch. Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (emphasis added).

FRCP 60(b)(4) permits relief from a final judgment if the judgment is void. A judgment is void if the court lacked jurisdiction over the subject matter or the parties,

or if it was entered in violation of due process.  *See, Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir.1990) (Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction); *see also, Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989)(The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice).

FRCP 60(b)(6) is a "catchall provision" used "as an equitable remedy to prevent manifest injustice." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (internal quotation marks and citation omitted). FRCP 60(b)(6) applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 24, 2002).

## IV.    ARGUMENTS

### A.    PLAINTIFF ADEQUATELY MET AND CONFERRED WITH DEFENDANT PRIOR TO FILING THIS MOTION

This Court's Standing Civil Order I.C provides:

> "Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall meet and confer to meaningfully discuss the substance of the contemplated motion and potential resolution. Counsel should resolve minor procedural or other non-substantive matters prior to filing the motion. The briefing on motions should be directed to substantive issues requiring resolution by the court. A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of the parties' meet and confer efforts."

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION

Plaintiff has complied with this Court's requirement. *See*, Certification of Meet and Confer Efforts, filed concurrently with this Motion.

### B. <u>PLAINTIFF'S MOTION IS TIMELY MADE</u>

The FRCP requires that a rule 60(b)(4) motion "be made within a reasonable time," but if a judgment is void, a motion to set it aside may be brought at any time. *In re Ctr. Wholesale, Inc*., 759 F.2d 1440, 1447–48 (9th Cir. 1985); *see also, Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("There is no time limit on a Rule 60(b)(4) motion to asset aside a judgment as void."); *Million (Far East) Ltd. v. Lincoln Provisions, Inc., USA*, 581 F. App'x 679, 682 (9th Cir. June 30, 2014) (same).

Similarly, a motion under FRCP 60(b)(6) must be filed within a reasonable time, which Plaintiff has done by bringing this motion promptly, just four months after this Court's Remand Order was issued.

### C. <u>THIS COURT LACKED JURISDICTION TO ISSUE THE ARBITRATION ORDER BASED ON ITS PREVIOUS REMAND ORDER</u>

This Court's Arbitration Order compelling arbitration and staying Tercero I is void because the Court lacked jurisdiction to issue such an order after remanding Tercero II and Tercero III back to state court pursuant to its Remand Order. A federal court loses jurisdiction over a case once it issues a remand order, and any subsequent rulings affecting the remanded claims or related proceedings are jurisdictionally invalid. *See Griggs v. Provident Consumer Disc. Co.*, (1982) 459 U.S. 56, 58 (holding that a federal court loses jurisdiction over a case upon remand to state court, and any further action is void); *In re Barnet*, 737 F.3d 238, 247 (5th Cir. 2013) (stating that after a remand order is entered, the district court is divested of jurisdiction and any actions taken are void).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION

## 1. A FEDERAL COURT LOSES JURISDICTION ONCE A CASE IS REMANDED

Under 28 U.S.C. § 1447(d), a district court's remand order is not subject to reconsideration, and the court lacks jurisdiction to take further action in the remanded matter. *See*, *Thermtron Products, Inc. v. Hermansdorfer*, (1976) 423 U.S. 336, 345 (stating that a district court's remand order is final and not subject to appeal or reconsideration under § 1447(d)); *see also, In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) ("Once a district court certifies a remand order to state court, it is divested of jurisdiction and can take no further action on the case.").

Here, this Court granted Plaintiff's motions to remand Tercero II and Tercero III on November 19, 2024. (EFC No. 40).  The remand order unequivocally determined that the related cases belonged in state court, rendering Defendants' Motion to Compel Arbitration in those cases moot. *Id*.  However, this Court later contradicted its own ruling by ordering arbitration of Plaintiff's individual claims on January 7, 2025, (EFC No. 33), despite having already relinquished jurisdiction over the remanded actions. Because this Court lacked jurisdiction after the November 19, 2024 remand order, its January 7, 2025 arbitration order is void.

## 2. THIS COURT'S INCONSISTENT RULINGS CREATED A JURISDICTIONAL CONFLICT

A district court may not simultaneously retain jurisdiction over certain claims while remanding materially identical claims arising from the same factual and legal basis. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009); *see also, Klein v. Avante Group, Inc.*, 199 F.3d 1328, 1331 (11th Cir. 2000) (finding that a district court lacks the authority to split claims and retain

jurisdiction over some while remanding others based on the same set of facts and legal issues). When a federal court rules that jurisdiction is improper over part of a dispute, it may not then assert jurisdiction over the remainder in a manner that conflicts with its own prior findings. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016) ("Once a district court determines that it lacks subject-matter jurisdiction, it has no power to rule on substantive motions in the case.").

Here, Plaintiff's claims in Tercero I, II, and III all arise from the same underlying facts and involve the same Defendants. By remanding Tercero II and III, the Court implicitly acknowledged that those claims belonged in state court. It was therefore improper to later assert jurisdiction over substantially the same claims in Tercero I and compel arbitration, as doing so directly conflicted with the Remand Order.

### 3. THE ARBITRATION ORDER IS VOID AS A MATTER OF LAW

A judgment issued by a court that lacks jurisdiction is void and must be vacated under FRCP 60(b)(4). *See United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or the parties."); *see also Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022) ("A void judgment is one entered by a court lacking jurisdiction and must be set aside.").

Because this Court lacked jurisdiction when it issued its Arbitration Order, the order is void and must be vacated. The Court's prior Remand Order divested it of authority to decide Plaintiff's individual arbitration claims, and any decision made thereafter is without legal effect.

## 4. ARBITRATION CANNOT BE COMPELLED AS THIS COURT LACKED JURISDICTION

A federal court may only compel arbitration if it has jurisdiction over the dispute. *See Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) ("Before compelling arbitration, a federal court must first ensure it has jurisdiction to do so."). Courts have recognized that where jurisdictional defects exist, an order compelling arbitration is improper. *See Atlantic Marine Constr. Co. v. U.S. Dist. Court*, (2013) 571 U.S. 49, 56 ("A court lacking jurisdiction has no authority to enter orders compelling arbitration or enforcing arbitration agreements.").

Because this Court had already determined that jurisdiction was lacking over Plaintiff's claims in Tercero II and III, it could not later order arbitration of Plaintiff's individual claims in Tercero I without first resolving the jurisdictional conflict. Accordingly, the Arbitration Order must be vacated.

## D. RELIEF IS WARRANTED UNDER FRCP 60(b)(6) DUE TO EXTRAORDINARY CIRCUMSTANCES

In addition to being void under FRCP 60(b)(4), the Arbitration Order should also be vacated under FRCP 60(b)(6). This rule provides relief from a final judgment for "any other reason that justifies relief" and applies in cases involving extraordinary circumstances that would make enforcement of the judgment manifestly unjust.

## 1. EXTRAORDINARY CIRCUMSTANCES EXIST IN THIS CASE

The Court's Arbitration Order presents extraordinary circumstances warranting relief under FRCP 60(b)(6) for several reasons:

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION

- **<u>The Order Contradicts the Court's Own Prior Ruling</u>**: As explained above, this Court previously ruled on November 19, 2024 that Defendants' Motion to Compel Arbitration in Tercero II and III was moot when it remanded those cases to state court. Yet, in its January 7, 2025 order, the Court ordered arbitration of Plaintiff's individual claims in Tercero I, despite the fact that the claims were substantially the same. The inconsistency in these rulings is an extraordinary circumstance that justifies relief under FRCP 60(b)(6). *See United States v. Beggerly*, 524 U.S. 38, 46 (1998) ("Rule 60(b)(6) is meant to prevent extreme and unexpected hardship caused by inconsistent or erroneous rulings.").

- **<u>Plaintiff Was Deprived of a Meaningful Opportunity to Be Heard</u>**: The Court's order compelling arbitration was issued despite the fact that Plaintiff had already successfully moved to remand related cases back to state court. This deprived Plaintiff of a fair opportunity to challenge the jurisdictional inconsistency before the Arbitration Order was entered. Due process requires that parties be given an opportunity to present their case before being subjected to adverse judicial rulings. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) ("Relief under Rule 60(b)(6) is appropriate where a party has been denied a fair opportunity to litigate its claims.").

- **<u>Manifest Injustice Would Result if the Order is Enforced</u>**: Enforcing the Court's Arbitration Order would unfairly force Plaintiff into arbitration despite the fact that this Court had already determined that arbitration was moot in related cases. This creates a procedural paradox that could deprive Plaintiff of her substantive rights. *See Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) ("Rule 60(b)(6) relief is warranted where enforcement of the judgment would be manifestly unjust.").

## 2. RELIEF IS WARRANTED TO PRESERVE THE INTEGRITY OF THE JUDICIAL PROCESS

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING
COMPLETION OF ARBITRATION

The fundamental purpose of FRCP 60(b)(6) is to prevent injustice and preserve the integrity of the judicial process. Courts have recognized that relief is appropriate where the judgment in question creates an unfair or illogical result. *See Klapprott v. United States*, 335 U.S. 601, 615 (1949) ("Rule 60(b)(6) is designed to ensure that substantial justice is achieved, particularly where rigid application of procedural rules would result in a fundamentally unfair outcome.").

Here, allowing the Arbitration Order to stand would create an untenable contradiction in the case record, undermining confidence in the fairness and consistency of judicial proceedings. The Court's prior determination that arbitration was moot in Tercero II and III should be applied consistently across all related cases to prevent legal uncertainty and injustice.

### 3. THE COURT HAS BROAD DISCRETION TO GRANT RELIEF UNDER FRCP 60(B)(6)

Unlike FRCP 60(b)(4), which mandates relief for void judgments, relief under FRCP 60(b)(6) is discretionary. However, courts have emphasized that discretion should be exercised in favor of fairness and justice. *See Ackermann v. United States*, 340 U.S. 193, 202 (1950) ("Rule 60(b)(6) should be liberally applied in the interest of justice.").

In this case, fairness and justice require that the Court vacate its January 7, 2025 arbitration order to ensure that its prior remand ruling is consistently applied across all related cases.

///

///

///

///

///

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING
COMPLETION OF ARBITRATION

1

## V.    <u>CONCLUSION</u>

2      For the foregoing reasons, Plaintiff respectfully requests this Court Grant this

3   Motion for Reconsideration pursuant to FRCP 60(b)(4) and 60(b)(6) and vacate the

4   Order granting Defendants' Motion to Compel Arbitration and Motion to Dismiss

5   Plaintiff's putative class claims.

6                                        Respectfully submitted,

7   Dated: March 26, 2025              **CROSNER LEGAL, P.C.**

8

9                              By: <u>*/s/ Sepideh Ardestani*</u>

10                                 Jamie K. Serb, Esq.
                                   Sepideh Ardestani, Esq.
11                                 Zachary M. Crosner, Esq.

12
                                   Attorneys for Plaintiff
13                                 TENIAH TERCERO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S INDIVIDUAL CLAIMS AND STAYING ALL PROCEEDINGS PENDING
COMPLETION OF ARBITRATION