Jamie K. Serb, Esq. (SBN 289601)
jamie@crosnerlegal.com
Sepideh Ardestani, Esq. (SBN 274259)
sepideh@crosnerlegal.com
Zachary M. Crosner, Esq. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff
TENIAH TERCERO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENIAH TERCERO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO LOGISTICS LLC, a Delaware Limited Liability Company; C&S LOGISTICS OF SACRAMENTO/TRACY LLC, a Delaware Limited Liability Company; C&S WHOLESALE GROCERS, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:2:24-cv-00953-MCE-JDP<br><br>**PLAINTIFF'S REPLY TO MOTION FOR REMAND**<br><br>[Concurrently filed herewith the Evidentiary Objections to the Declaration of Sylvia Ryan]<br><br>Date: May 16, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9<br>Judge: Hon. Dena Coggins |

**Table of Contents**

I.  INTRODUCTION ...............................................................................................1

II. ARGUMENTS ....................................................................................................2

    A.  Plaintiff's Attack On The Notice Of Removal Were Factual ....................2

    B.  The Declaration Of Sylvia Ryan Fails To Support Defendant's AIC Calculations ................................................................................................3

    C.  Traditional Diversity Jurisdiction ..............................................................4

        1.  Defendants' Amount In Controversy Is Overstated ...........................5

        2.  Defendants' Calculation Of Attorneys' Fees For Plaintiff's Individual Claims Also Fails ..............................................................7

    D.  CAFA Jurisdiction .....................................................................................8

        1.  Defendants May Not Include Damages And Penalties *After* Time Of Removal As They Did Not Allege These Damages In Their NOR .....................................................................................................9

        2.  Defendants' Amount in Controversy is Inflated ..............................10

        3.  Defendants' Extrinsic Evidence To Support Their 100% Violation Rate Is Inadequate .........................................................................11

    E.  Preemption Under Section 301 Of The LMRA .......................................12

III. CONCLUSION ................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**

*Abrego Abrego v. The Dow Chem. Co.*,
  443 F.3d at 678, 685 (9th Cir. 2006) .................................................................... 3, 9

*Alaska Airlines Inc. v. Schurke*,
  898 F.3d 904, 921 (9th Cir. 2018) ............................................................................ 13

*Anguiano v. Mann Packing Co.*, No.
  5:19-cv-02133-VKD, 2019 WL 2929789
  (N.D. Cal. July 8, 2019) ........................................................................................... 13

*Brady v. Mercedes-Benz USA, Inc.*,
  243 F. Supp. 2d 1004 (N.D. Cal. 2002) .................................................................... 5

*Celestino v. Renal Advantage Inc.*,
  No. C 06-07788 JSW, 2007 WL 1223699
  (N.D. Cal. Apr. 24, 2007) .......................................................................................... 9

*Coleman v. Hat World, Inc.*,
  No. 3:23-CV-03437-JD, 2024 WL 422079, at *1
  (N.D. Cal. Feb. 5, 2024) ............................................................................................ 8

*Davis v. Empire Chauffeur Serv., Ltd.*,
  No. 2:23-cv-07968-MEMF-SSC, 2024 WL 1217377, at *6
  (C.D. Cal. Mar. 18, 2024) ........................................................................................ 10

*Div. of Lab. Standards Enf't v. Save Mart Supermarkets*,
  No. 2:21-cv-07402-ODW, 2022 WL 837206, at *5
  (C.D. Cal. Mar. 21, 2022) ........................................................................................ 13

*Duran v. Allegis Glob. Sols., Inc.*,
  No. 3:20-cv-09025-JD, 2021 WL 3281073 ............................................................. 11

*Flournoy v. Watts Healthcare Corp.*,
  No. 2:20-cv-06607-RGK-SK, 2020 WL 5960686, at *5
  (C.D. Cal. Oct. 6, 2020) ................................................................................................ 13

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
  899 F.3d 785, 795–96 (9th Cir. 2018) ............................................................................. 5

*Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*,
  599 F.3d 1102, 1107 (9th Cir. 2010) ............................................................................... 4

*Giles v. Nat'l Express Transit Corp.*,
  No. 1:22-cv-00257-JLT-BAM, 2023 WL 2681974, at *1
  (E.D. Cal. Mar. 29, 2023) ............................................................................................ 3, 9

*Gipson v. Champion Home Builders, Inc.*,
  No. 1:20-cv-00392-DAD-SKO, 2020 WL 4048503, at *5
  (E.D. Cal. July 20, 2020) ............................................................................................... 11

*Gonzalez v. H&M Hennes & Mauritz L.P.*,
  2022 WL 179292, at *3 (C.D. Cal. Jan. 20, 2022) .......................................................... 4

*Harris v. KM Indus., Inc.*,
  980 F.3d 694, 700 (9th Cir. 2020) ............................................................................... 3, 9

*Ibarra v. Manheim Invs., Inc.*,
  775 F. 3d 1193, 1199 (9th Cir. 2015) ............................................................................ 12

*Jauregui v. Roadrunner Transp. Servs., Inc.*,
  28 F.4th 989, 994 (9th Cir. 2022) .............................................................................. 4, 12

*Jurado v. Aequor Heathcare Servs., LLC*,
  No. 2:21-cv-02633VAP-AS, 2021 WL 2178846, at *2
  (C.D. Cal. May 27, 2021) ................................................................................................ 8

*Li v. Golftec Mgmt. LLC*,
  No. 3:24-cv-01678-RFL, 2024 WL 4553148, at *2
  (N.D. Cal. May 29, 2024) ............................................................................... 11, 12

*Mills v. Rescare Workforce Servs.*,
  No. 220CV10860FLAJPRX, 2022 WL 843461, at *4
  (C.D. Cal. Mar. 22, 2022) ...................................................................................... 2

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
  210 F.3d 1099, 1102–03 (9th Cir. 2000) ............................................................ 3, 9

*Peters v. RFI Enters., Inc.*,
  No. 18-CV-01187-BLF, 2018 WL 3869564, at *6
  (N.D. Cal. Aug. 15, 2018) .................................................................................... 13

*Powell v. USI Ins. Serv., LLC*,
  No. 23-cv-04129 ODW-BFM, 2023 WL 6276578, at *4
  (C.D. Cal. Sept. 25, 2023) .................................................................................... 11

*Rodriguez v. Goodrich Corp.*,
  No. 2:14-cv-01026 JAM AC, 2014 WL 3842904, at *4
  (E.D. Cal. Aug. 1, 2014) ........................................................................................ 7

*Salter v. Quality Carriers*,
  974 F.3d 959, 964 (9th Cir. 2020) .......................................................................... 3

*Schneider v. Ford Motor Co.*,
  441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) ........................................................... 4

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*,
  65 F. Supp. 3d 932, 957–58 (C.D. Cal. 2014) ...................................................... 14

*Wilson-Davis v. SSP Am., Inc.*,
  434 F. Supp. 3d 806, 813 (C.D. Cal. 2020) .......................................................... 14

**STATUTES**

Federal Rules of Evidence, Rule 602 ................................................................... 5, 6

Federal Rules of Evidence, Rule 801 ...................................................................... 6

Federal Rules of Evidence, Rule 802 ...................................................................... 6

Federal Rules of Evidence, Rule 1002 .................................................................... 6

Plaintiff Teniah Tercero ("Plaintiff") hereby submits her Reply to her Motion to Remand as follows:

## I. INTRODUCTION

This Court has already held that it lacks subject matter jurisdiction over Plaintiff's claims in *Tercero II* and *III* on November 19, 2024. (Plaintiff's Request for Judicial Notice ("RJN", Exh. 1)[1]. While Plaintiff filed three separate cases, including this instant case, *Tercero I*, she has alleged the **same causes of action, with the same facts and theories in her complaints**. Because Plaintiff's claims in this case are identical in facts, theories, and causes of action to those in Tercero II and III—where this Court has already determined it lacks subject matter jurisdiction—this case should be remanded for the same reasons.

In an effort to support their arguments in opposition [EFC No. 38], Defendants assert that this Court has traditional jurisdiction by applying a 100% violation rate to each of Plaintiff's individual claims and by assuming that Plaintiff's Counsel will expend 150 hours litigating those claims. Defendants base their use of a 100% violation rate on the language in Plaintiff's complaint. However, as detailed below and in Plaintiff's Motion, the claims are pled on "information and belief," or allege that violations occurred "at times" and affected "some" class members—not universally. Defendants also rely on a declaration from Plaintiff's Counsel submitted in support of prior motions to approve **class settlements** to argue that litigation of Plaintiff's **individual claims** would exceed $75,000. However, this estimate fails to account for a proper pro-rata allocation of attorneys' fees attributable solely to Plaintiff's individual claims.

---

[1] Plaintiff filed her Request for Judicial notice with her Motion.

Similarly, Defendants argue that this Court has CAFA jurisdiction and apply a 100% violation rate to each of the claims asserted in Plaintiff's complaint. For the same reasons set forth above, this argument also fails.

Lastly, Defendants argue that Plaintiff's claims for overtime and meal and rest period violations—and the derivative clams based thereon—are predicated on the theory that Defendants failed to properly calculate the regular rate of pay for purposes of computing overtime wages, break premiums, and PSL wages. However, not only do Defendants' CBAs list hourly rates of pay for different positions, but they also clearly define the overtime rate. Further, Defendants fail to identify any **active** dispute between the parties regarding the regular rate of pay used to calculate overtime, break premiums and PSL wages.

Defendants' Opposition is unconvincing. In response to Plaintiff's factual challenges, Defendants have not met the burden of establishing this Court's jurisdiction under either traditional diversity jurisdiction or CAFA. Additionally, Defendants have not demonstrated that Plaintiff's claims are preempted by the LMRA. Accordingly, because this Court lacks subject matter jurisdiction, this Action must be remanded.

## II. ARGUMENTS

### A. Plaintiff's Attack On The Notice Of Removal Were Factual

Defendants inaccurately portray Plaintiff's Motion as presenting only a facial challenge. (Opposition at 10:16-21). Contrary to Defendants' argument, **Plaintiff is not required to submit evidence to make a factual attack.** "Although a plaintiff may rely on evidence to mount a factual attack, '[a] factual attack ... need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence.'" *Mills v. Rescare Workforce Servs.*, No. 220CV10860FLAJPRX, 2022 WL 843461, at *4 (C.D. Cal. Mar. 22, 2022) (citing *Harris v. KM Indus., Inc.*, 980

F.3d 694, 700 (9th Cir. 2020); *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (holding that it is sufficient to "contest [an] assumption" without "assert[ing] an alternative [assumption] grounded in real evidence").

Plaintiffs can mount a factual attack by making a reasoned argument that Defendants' assumptions are not supported by the evidence, without introducing extrinsic rebuttal evidence. *See Harris*, 980 F.3d at 700 (plaintiff is not required to proffer an alternative assumption grounded in real evidence to mount a factual attack). Defendants' "burden of establishing removal" does not shift to Plaintiff at any time. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d at 678, 685 (9th Cir. 2006). "This approach is akin to the procedure in the summary judgment context whereby, if the party with the initial burden of production fails to carry its burden, the other party 'has no obligation to produce anything.'" *Giles v. Nat'l Express Transit Corp.*, No. 1:22-cv-00257-JLT-BAM, 2023 WL 2681974, at *1 (E.D. Cal. Mar. 29, 2023) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000)).

Defendants' claim that Plaintiff raises only a facial challenge is incorrect. Plaintiff has properly mounted a factual attack by reasonably disputing Defendants' unsupported assumptions. No extrinsic evidence is required. Because Defendants fail to meet their burden to establish jurisdiction, removal is improper.

**B.     The Declaration Of Sylvia Ryan Fails To Support Defendant's AIC Calculations**

Defendants submitted the Declaration of Sylvia Ryan ("Ryan Decl.") to support their calculations of the amount in controversy for traditional diversity jurisdiction and CAFA jurisdiction. (EFC No. 38-2). Plaintiff has filed concurrently with this Remand, her Evidentiary Objections to Ryan Decl.

Ms. Ryan's declaration states that she "retrieved or had retrieved, obtained, and reviewed" "voluminous timekeeping records, payroll data, wage records, personnel records, and employment data" "including "dates of employment, number

of wages statements, number of workdays, shift lengths, number of pay periods, and hourly rates of pay …" (*Id*. at ¶ 5). However, the declaration neither provides evidence nor even references the key assumptions underlying Defendants' amount in controversy calculations—specifically: (1) the alleged **violation rates**, and (2) the **percentage of class members** purportedly impacted by Defendants' conduct. As a result, the declaration offers no support "that would assist the Court in making a reasonable assumption as to applicable violation rate." *Gonzalez v. H&M Hennes & Mauritz L.P.*, 2022 WL 179292, at *3 (C.D. Cal. Jan. 20, 2022). Given this "clearly inadequate evidence," the Court would be justified in assigning a $0 value to the claims. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022).

Further, Ms. Ryan has only held her position as "Manager, HR Business Partner" for the past **ten months** and the Class Period spans from February 16, 2020 to the present. As such, her limited tenure undermines the relevance and reliability of her declaration in establishing facts that purportedly apply across the full Class Period.

C. **Traditional Diversity Jurisdiction**

There is a strong presumption **against** removal on traditional diversity jurisdiction grounds. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Defendants must overcome this strong presumption by "us[ing] 'summary-judgment-type evidence' to show that it is 'more likely than not' that the amount in controversy (including attorneys' fees) exceeds $75,000." *Schneider v. Ford Motor Co*., 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (quoting *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795–96

(9th Cir. 2018). However, estimating attorneys' fees based solely on counsel's experience is not an accepted practice in the class action context.[2]

### 1. Defendants' Amount In Controversy Is Overstated

Defendants' assertion that Plaintiff did not dispute the data points used in its traditional diversity jurisdiction calculation is plainly incorrect. (Opposition at 5:8). As previously stated, the Court should reject Defendants' speculative calculations, assumed violation rates, and purported amount in controversy [that] are without evidentiary support. (Motion at 11:3-5; 16:8-9; 17:20-22). Here, Defendants' position regarding traditional diversity jurisdiction is unsupported by any summary-judgment-type evidence for the following reasons.

*First*, Defendants conclude that, for the 4-year statute of limitation period, "Ms. Tercero worked a total of 213 workdays;" her "average base regular rate of pay was $17.67 per hour;" she "worked a total of 209 3.5-Hour Workdays;" she "worked a total of 208 5-Hour Workdays;" she "worked a total of 153 8/12-Hour Workdays during which she worked an aggregate total of 345.85 hours in excess of eight per day;" she "worked a total of 32 12-Hour Workdays during which she worked an aggregate total of: a. 128 hours in excess of eight but less than 12 hours in a day; and b. 27.34 hours in excess of 12 hours in a day." Defendants also concluded that for the 3-year statute of limitations period, she "was paid a final base regular rate of pay of $19.26;" and she "worked an average of 10.5 hours per day at the time of her termination." (Ryan Decl. at ¶ 6).

Plaintiff objects to these statements pursuant to Federal Rules of Evidence ("FRE"), Rule 602 because Ms. Ryan lacks personal knowledge to make this

---

[2] Defendants' reliance on *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. 2002), is misplaced, as that case involved a breach of contract claim—materially different from the claims at issue in the present action.

statement, as there is no foundation establishing firsthand knowledge. Ms. Ryan has only held this position for the last 10 months. As such, her limited tenure undermines the relevance and reliability of her declaration in establishing facts that purportedly apply across the full Class Period.

Plaintiff also objects based on FRE Rule 602 and 701 as Ms. Ryan speculates as to facts without personal knowledge or proper foundation as records were "retrieved and analyzed" "by qualified individuals."

Further, Plaintiff objects based on FRE Rules 801 and 802 as Ms. Ryan relies on records of Defendants, which constitute out-of-court statements offered for the truth of the matter asserted. Ms. Ryan asserts that some records were "retrieved and analyzed" "by qualified individuals".

Moreover, Plaintiff objects based on FRE Rule 1002 because under the Best Evidence Rule, the original documents (or admissible copies) should be presented as the primary evidence, rather than Ms. Ryan's summary of their contents. Plaintiff also asserts the same objections to paragraphs 2, 4, 5-7 of the Ryan Decl.

***Second***, Defendants assume a 100% violation rate for Plaintiff's individual claims in order to inflate the amount in controversy, ignoring limiting language in her complaint.

| **Cause of Action** | **Location in Complaint** | **Limiting Language** |
|---|---|---|
| Meal and rest period violations | Complaint, ¶¶ 17(b, f), 45, 46 | Violations merely "**predominate**"; "**at times**," and without certification that there is a risk of "inconsistent or contradictory adjudications" |
| Minimum and overtime wage violations | Complaint, ¶¶ 17(b, d), 38 | Violations merely "**predominate**" or occur "**at times**," to "**some [class members]**" |

| Waiting time violations | Complaint, ¶ 120 | Violations may be payable "**up to** 30 days' pay" |
|---|---|---|
| Business expense violations | Complaint, ¶ 75 | Violations are "**based on information and belief**" |

Given the limiting language used by Plaintiff in each of the allegations, Defendants **cannot** reasonably rely on a 100% violation rate. Consequently, their inflated estimate of $21,079.12 in individual damages is unsupported and inaccurate.

Defendants could have easily requested an expert to review Plaintiff's time and corresponding wage records to provide an accurate violation rate – something they did not due.

### 2. Defendants' Calculation Of Attorneys' Fees For Plaintiff's Individual Claims Also Fails

Defendants' "conservative" assumption of attorneys' fees is speculative at best. (Opposition at 7:18). Defendant's assumption is a mere conclusion with no evidentiary support. Defendants' attorneys' fees assumptions are flawed because they fail to account for the impact of class claims. Defendants allege that their attorneys' fees calculation is based solely on work required for Plaintiff's individual claims. (EFC No. 38 at 6:2-3). But Defendants' estimate includes legal work that would be performed on behalf of **the entire class**, including propounding discovery and preparing for trial. *See Rodriguez v. Goodrich Corp.*, No. 2:14-cv-01026 JAM AC, 2014 WL 3842904, at*4 (E.D. Cal. Aug. 1, 2014) (defendants' attorneys' fees estimates were not based solely on fees applicable to plaintiff because they included pretrial activities that are typically "conducted on behalf of the entire putative class").

Furthermore, if Plaintiff is successful on the merits of her claims, she would be entitled to an award for attorneys' fees pursuant to California Labor Code Section 1194, which does not authorize award of fees "solely to named plaintiffs in a class action," but rather to "any employee" who prevails on his or her claim. *Rodriguez, supra*, 2014 WL 3842904, at *4. "In such cases, courts determine the plaintiff's

appropriate share of attorneys' fees by distributing the total estimated fees on a pro rata basis amongst the named plaintiff(s) and class members." *Jurado v. Aequor Heathcare Servs., LLC*, No. 2:21-cv-02633VAP-AS, 2021 WL 2178846, at *2 (C.D. Cal. May 27, 2021). Here, Defendants have not attempted to estimate Plaintiff's **pro-rata share** of attorneys' fees. For these reasons, Defendants have not met their burden to show by a preponderance of evidence that the amount in controversy requirement is satisfied.

Indeed, Courts **reject** Defendants' argument in the class action setting. *See e.g., Coleman v. Hat World, Inc.*, No. 3:23-CV-03437-JD, 2024 WL 422079, at *1 (N.D. Cal. Feb. 5, 2024). In *Coleman*, like here, the defendant assumed Coleman's lawyers would spend 150 hours on the litigation and charge a billing rate of $650 per hour. *Id*. Coleman, in remanding the action, characterized the defendant's approach as a "pure guess," and reasoned that it is "equally plausible that [defendant's] assumptions are wrong and that Coleman's legal fees will come in below an amount necessary to establish diversity jurisdiction." *Id*. Further, "in the Court's long experience with California state wage and hour cases, early settlement is common and it is quite realistic to project that Coleman's attorneys' fees will be far less than [defendant's] guess." *Id*. Likewise, Defendant has only guessed how many hours Plaintiff's attorneys will work and how much they will charge based on other class action matters settled by Plaintiff's counsel and **not** any individual matters. (Opposition at 6:23-28; 7:1-6).

Defendants' speculative calculations assumed violation rates, and purported amount in controversy are without evidentiary support, and the Court should reject them.

### D. CAFA Jurisdiction

Defendant unconvincingly argues that a 100% violation rate can be assumed for each of its amount in controversy calculations. (Opposition at 12:6). Defendants incorrectly argue that Plaintiff must submit evidence to make a factual attack on

Defendants' amount in controversy allegations. (Opposition 9:22-24; 10:1-8). Defendants are **wholly incorrect** as it is Defendants that bear the evidentiary burden of establishing jurisdiction by a preponderance of evidence.

Plaintiff may raise a factual attack by presenting a well-reasoned argument that Defendants' assumptions lack evidentiary support, **even without submitting extrinsic rebuttal evidence**. *See Harris*, 980 F.3d at 700 (plaintiff is not required to proffer an alternative assumption grounded in real evidence to mount a factual attack). Defendants' "burden of establishing removal" does not shift to Plaintiff at any time. *Abrego, supra*, 443 F.3d at 678, 685. "This approach is akin to the procedure in the summary judgment context whereby, if the party with the initial burden of production fails to carry its burden, the other party 'has no obligation to produce anything.'" *Giles, supra*, No. 1:22-cv-00257-JLT-BAM, 2023 WL 2681974, at *1(quoting *Nissan, supra*, 210 F.3d at 1102–03).

### 1. Defendants May Not Include Damages And Penalties *After* Time Of Removal As They Did Not Allege These Damages In Their NOR

Defendants cite to *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. Apr. 24, 2007) to support their contention that Defendants may include damages and penalties accruing *after* March 27, 2024 (erroneously typed March 9, 2024 in Defendants' Opposition) and through the date Plaintiff filed her Remand Motion (March 29, 2025). Defendants are misapplying the *Celestino* case.

In *Celestino*, the Northern District noted, "[w]hile an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorney's fees likely to be incurred cannot be estimated **at the time of removal**." *Id*. at 1011 n. 4 (emphasis added). Accordingly, because Defendants failed to include future damages and penalties in their amount in controversy **at the time of removal** (i.e., when they filed their NOR), these figures **cannot** be considered as part of their AIC now.

### 2. Defendants' Amount in Controversy is Inflated

Defendants persist in relying on baseless and unsupported assumed 100% violation rates. Ignoring both the consistent limiting language in Plaintiff's complaint and the absence of evidentiary support, Defendants asserts "conservatively" that for every single workday during the four-year Class Period, 100% of putative class members will seek:

- ✓ overtime premium payments for **each hour** of overtime (between 8 and 12 hours per day) **they recorded** (this assumes they were **never** paid **any** premiums) (Opposition at 15:2-5);
- ✓ double time premium payments for **each hour** of double time **they recorded** as worked (over 12 hours per day) (this assumes they were **never** paid **any** premiums) (Opposition at 15:2-5);;
- ✓ one meal period violation and one rest period violation for **each shift** worked (Opposition at 17:24-25);
- ✓ that **each** separated employee is eligible for the **entire** 30-day period for waiting time penalties (Opposition at 19:9-10); and
- ✓ $630 **per year** per class member for unreimbursed business expenses (Opposition at 21:10).

Again, 100% violation rates for Plaintiff's allegations are not supported by Plaintiff's complaint. The complaint states that meal and rest break violations occurred "**at times**" (Complaint, ¶¶ 17(b, f), 45, 46); minimum and overtime wage violations occurred "**at times**" and to "**some**" class members;" (Complaint, ¶¶ 17(b, d), 38); waiting time penalties "**up to**" 30 days (Complaint, ¶ 120); and business expense violations were based on "**information and belief**" (Complaint, ¶ 75).

Here, "The language 'at times'. . . clearly limit the allegations regarding how many employees were affected and how often they were affected." *Davis v. Empire Chauffeur Serv., Ltd*., No. 2:23-cv-07968-MEMF-SSC, 2024 WL 1217377, at *6 (C.D. Cal. Mar. 18, 2024). District courts have held that language indicating

violations occurred "at times" and to "some of" the class members cannot reasonably support a 100% violation rate. *Id*.; *Duran v. Allegis Glob. Sols., Inc*., No. 3:20-cv-09025-JD, 2021 WL 3281073, at *3 (N.D. Cal. Aug. 2, 2021) (finding a 100% violation rate unreasonable where plaintiff alleged that defendants "acted 'at times' in a manner that violated California state employment laws" and "the violations may have happened to only 'some' of the putative class members"); cf. *Powell v. USI Ins. Serv., LLC*, No. 23-cv-04129 ODW-BFM, 2023 WL 6276578, at *4 (C.D. Cal. Sept. 25, 2023) (a 60% violation rate for meal periods and a 30% violation rate for rest periods was proper where plaintiff alleged that defendants "sometimes, but not always" violated protections; *See Duran*, *supra*, 2021 WL 3281073, at *3 (noting that an assumption of once-per-week for meal and rest break violations was arbitrary where defendant did not provide any evidence to tip the analysis in its direction); *Li v. Golftec Mgmt. LLC*, No. 3:24-cv-01678-RFL, 2024 WL 4553148, at *2 (N.D. Cal. May 29, 2024) ("In the absence of any evidence from [defendant], the [c]ourt simply has no reasonable basis to identify whether violations occurred only every other week, every month, or every other month, on average as to each putative class member.").

### 3. Defendants' Extrinsic Evidence To Support Their 100% Violation Rate Is Inadequate

The Ryan Declaration is inadequate because it does **not** mention any alleged violation rates, or the percentage of class members affected by Defendants' violations. (EFC No. 38-2); *see also Gipson v. Champion Home Builders, Inc.*, No. 1:20-cv-00392-DAD-SKO, 2020 WL 4048503, at *5 (E.D. Cal. July 20, 2020) (determining that a declaration alone was not sufficient to support defendant's amount in controversy where it failed to "provide any evidence regarding the **frequency of violations** with respect to each of plaintiff's claims or the violation rate generally")(emphasis added).

Because Defendants' assumed violation rate is not tied to the complaint or any evidence, it is arbitrary and unreasonable. *Ibarra v. Manheim Invs., Inc.*, 775 F. 3d 1193, 1199 (9th Cir. 2015) (defendants must provide some support for their assumed violations rates, they cannot be "pulled from thin air"). "Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022); *Li*, *supra*, 2024 WL 4553148, at *2 (concluding that defendant failed to satisfy its burden of establishing a sufficient amount in controversy where its assumed violation rate was unreasonable, and no alternative violation was provided to the court).

Defendants could have easily sent a sampling of class members' time and pay records to their expert to analyze and provide a more accurate violation rate.

Accordingly, this Court should conclude that the Defendants have failed to meet their burden of showing by preponderance of the evidence that CAFA's jurisdictional requirements are satisfied.

### E.    **Preemption Under Section 301 Of The LMRA**

Defendants argue that Plaintiff's claims are preempted under the LMRA because they cannot be adjudicated without interpreting the CBAs. (Opposition at 23:22-23). More specifically, Defendants claim that Plaintiff's claims for overtime and meal and rest period violations—and the derivative clams based thereon—are, in whole or in substantial part, predicated on the theory that Defendants failed to properly calculate the regular rate of pay for purposes of computing overtime wages, break premiums, and PSL wages. (Opposition at 24:2-6).

However, Defendants pay their employees' wages according to "Appendix A" of the CBAs, which lists hourly rates of pay for different positions. (EFC No. 1-2 at 29, 71.) The CBAs state that the overtime rate is "one and one-half (1 ½) times the straight time rate." (EFC No. 1-2 at 12, 52.) Thus, the CBAs provide instructions on

how to calculate the regular rate of pay for purposes of calculating overtime wages with a compensation formula that is not complicated. *See Div. of Lab. Standards Enf't v. Save Mart Supermarkets*, No. 2:21-cv-07402-ODW, 2022 WL 837206, at *5 (C.D. Cal. Mar. 21, 2022) (concluding interpretation of collective bargaining agreements was not required where they provided a table of wage rates from which the court could "readily determine in a clear and straightforward manner the [employees'] regular hourly rates of pay"); *Flournoy v. Watts Healthcare Corp.*, No. 2:20-cv-06607-RGK-SK, 2020 WL 5960686, at *5 (C.D. Cal. Oct. 6, 2020) (court only needed to reference rather than interpret a collective bargaining agreement where plaintiff's claim was that defendant failed to pay for overtime hours worked and not that defendant misapplied a complex premium schedule).

Further, Defendants fail to identify any active dispute between the parties regarding the regular rate of pay used to calculate overtime, break premiums and PSL wages. *See Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) ("[C]laims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'"); *Anguiano v. Mann Packing Co*., No. 5:19-cv-02133-VKD, 2019 WL 2929789 (N.D. Cal. July 8, 2019) ("The [c]ourt rejects [defendant's] suggestion that the absence of an express definition for a term used in a [collective bargaining agreement] necessarily creates [] a dispute.").

Notably, Defendants do not specify how their definition of the regular rate of pay differs from Plaintiff's. Nor do Defendants claim that the regular rate of pay cannot be determined based on the hourly rates for various job classifications listed in Appendix A. *See e.g., Peters v. RFI Enters., Inc.*, No. 18-CV-01187-BLF, 2018 WL 3869564, at *6 (N.D. Cal. Aug. 15, 2018) (court did not need to interpret a collective bargaining agreement to determine the amount of overtime pay where the regular rate of pay was "indisputably" the hourly rate set forth in an addendum to the agreement).

Although the court may need to refer to the CBAs to calculate premiums, **referring to the CBAs is not considered interpretation**. *See e.g., Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 813 (C.D. Cal. 2020) ("It is not enough for Defendants to provide a laundry list of provisions that they allege the [c]ourt must interpret to resolve Plaintiffs claims; Defendants must explain why interpretation, as opposed to mere reference to the [collective bargaining agreement], is necessary."); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 957–58 (C.D. Cal. 2014) (mere reference to a collective bargaining agreement is not enough to find a claim substantially dependent on the agreement).

As Defendants failed to establish that interpretation of the CBAs is required to adjudicate Plaintiff's claims, LMRA preemption does not apply here.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court Grant Plaintiff's Motion for Remand.

Respectfully submitted,

Dated: April 18, 2025                **CROSNER LEGAL, P.C.**


By: */s/ Sepideh Ardestani*
Jamie K. Serb, Esq.
Sepideh Ardestani, Esq.
Zachary M. Crosner, Esq.

Attorneys for Plaintiff
TENIAH TERCERO