Jamie K. Serb, Esq. (SBN 289601)
jamie@crosnerlegal.com
Sepideh Ardestani, Esq. (SBN 274259)
sepideh@crosnerlegal.com
Zachary M. Crosner, Esq. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff
TENIAH TERCERO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENIAH TERCERO, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>C&S LOGISTICS OF SACRAMENTO/TRACY LLC, a Delaware limited liability company; C&S WHOLESALE GROCERS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>*Defendant*. | Case No. 2:24-cv-00963-MCE-JDP<br><br>**DECLARATION OF SEPIDEH ARDESTANI RE OSC**<br><br><br>**Date: June 20, 2025**<br>**Courtroom: 9**<br>**Judge: Hon. Dena Coggins** |

**DECLARATION OF SEPIDEH ARDESTANI**

I, Sepideh Ardestani, declare as follows:

1. I am an attorney at law, duly licensed to practice before all the Courts of the State of California, including the United States District Court for the Eastern District of California. I am a Partner at Crosner Legal, P.C., counsel of record for Plaintiff Teniah Tercero. As such, I am familiar with the file in this matter and if called as a witness I could and would competently testify to the following facts of my own personal knowledge.

2. I have been a practicing attorney since 2010. Over the course of my 15-year legal career, I have received one sanction earlier this year—a $100 penalty—for the late filing of a Joint Report prior to a Case Management Conference in State Court. I have never been the subject of a complaint to the State Bar of California, nor have I faced any disciplinary action.

3. I did not use artificial intelligence ("AI") to draft Plaintiff's Motion for Reconsideration ("Motion") or any other court motions/documents throughout my 15 years of legal practice. Any miscited cases in Plaintiff's Motion were the result of human error, not the use of AI.

4. The first time I became aware of the use of AI in the legal field was when Defendants accused me of using it to draft Plaintiff's Motion, as stated in their Opposition. At that time, I was unfamiliar with the concept of AI-generated legal citations and had to research what it meant, as I had no prior knowledge or experience with such technology.

5. I drafted Plaintiff's Motion over several evenings between March 17, 2025, and March 25, 2025. My office filed the Motion on March 26, 2025. During this period, I also participated in five mediations sessions (each lasting 8 to 10 hours), attended two court hearings, and conducted six phone conferences. In addition to drafting Plaintiff's Motion, I prepared a Motion for Remand in this case and a separate Motion for Remand in another matter.

6. During this same period, I was also the sole caretaker for my 81-year-old father, who is mute, wheelchair-bound, and paraplegic due to late-stage Parkinson's disease. From March 17, 2025, through March 30, 2025, I traveled daily from my home to his home (approximately 40 minutes each way) to care for him, as his regular caretaker was unavailable. I drafted Plaintiff's Motion while simultaneously attending to his needs, including feeding, bathing, and toileting. Upon returning home each evening, I also cared for my two young children, ages 4 and 7.

7. Of the 14 cases at issue, two—*Klein* and *Gersh*—include incorrect citations, as explained below. During the same time, I was drafting Plaintiff's Motion, I was also conducting research on debt collection and discovery dispute cases for a family friend. As is my usual practice, I recorded case names, citations, and summaries of holdings by hand on a legal pad rather than typing them into a Word document. I believe the errors in case names and citations stemmed from inaccuracies in my handwritten notes. For instance, in the *Klein* case, a debt collection case, I misspelled "Affiliated" and instead wrote "Avante." The correct case I intended to cite was *Simon* which relates to remand.

8. Two additional cases—*Atlantic* and *Ackermann*—contain correct case names and citations but should not have been included in Plaintiff's Motion. They should have been replaced with *Doe* and *Chena Obstetrics*, as discussed in detail below. While the *Ackermann* case does address Rule 60(b), I ultimately decided not to rely on it, as *Chena Obstetrics* is more directly applicable to the specific context of Rule 60(b)(6).

| **Case Name** | **Correct Citation** | **Correct Case** |
|---|---|---|
| *Klein v. **Avante** Group, Inc.,* 199 F.3d 1328 (11th Cir. 2000) | *Klein v. **Affiliated** Grp., Inc.,* No. 18-CV-949 DWF/ECW, 2019 WL 246768 (D. Minn. Jan. | Debt collection case I reviewed for a family friend. |

| | | 17, 2019) | I misspelled "Affiliated" and instead wrote "Avante" while writing the case name on my document while I was researching this case for a family friend. I do not know where the citation after the case name came from. |
|---|---|---|---|
| | | | I meant to insert *Simon v. Stang*, No. C 10-00262 JF (HRL) 2010 WL 1460430 (N.D. Cal. Apr. 12, 2010)(Remand required once federal court dismisses precluded claims). |
| | *Gersh v. Anglin,* 40 F.4th 917 (7th Cir. 2022) | *Gersh v. Anglin*, No. CV 17-50-M-DLC-KLD, 2022 WL 2466782 (D. Mont. May 11, 2022) | Discovery dispute case I reviewed for a family friend. I do not know where the citation after the case name came from. |
| | | | I meant to insert the |

- 4 -

|  |  | following case: *Burke v. Smith*, 252 F.3d 1260 (11th Cir. 2001)(Generally, judgment is void, warranting relief from judgment under civil procedure rules, if court that rendered it lacked jurisdiction of subject matter, or of parties, or if it acted in manner inconsistent with due process of law, or was powerless to enter judgment.) |
|---|---|---|
| *Atlantic Marine Constr. Co. v. U.S. Dist. Court,* (2013) 571 U.S. 49 | *Atlantic Marine Constr. Co. v. U.S. Dist. Court,* 571 U.S. 49 (2013) | Venue selection case I reviewed for a family friend. I do not know where the citation after the case name came from.<br><br>While the case name and citation are correct, I meant to insert, *Doe v. Trump Corp.*, 6 F.4th |

| | | |
|---|---|---|
| | | 400 (2d Cir. 2021) as the case name and citation. |
| *Ackermann v. United States,* 340 U.S. 193, 202 (1950) | *Ackermann v. United States,* 340 U.S. 193 (1950) | While the case name and citation are correct, and the case discusses Rule 60(b), I decided not to use this case and instead use, *Chena Obstetrics & Gynecology, P.C. v. Bridges*, 502 P.3d 951(Alaska 2022) as it specifically discusses Rule 60(b)(6). |

9.  The remaining cases are neither erroneous nor fictitious. Each case listed below includes the correct case name and citation. However, most of them mistakenly include a pincitation and/or quotation marks around the summary of the holding, as noted below. I have included the holdings as compared to the summaries of the holdings that were used in Plaintiff's Motion.

| **Case Name** | **Holding** | **Summary of Holding** |
|---|---|---|
| *In re Loudermilch*, 158 F.3d 1143 (11th Cir. 1998) | Where remand was based on lack of subject matter jurisdiction, rather than on substantive | Once a district court certifies a remand order to state court, it is divested of jurisdiction and can take no further |

- 6 -

DECLARATION OF SEPIDEH ARDESTANI RE OSC

| | | |
|---|---|---|
| | issues, and District Court thus lacks jurisdiction to reconsider second remand order. | action on the case. |
| *Polo v. Innoventions Int'l LLC*, 833 F.3d 1193 | No motion, timely or otherwise, is necessary to remand case removed to federal court if federal court lacks subject matter jurisdiction, since ultimate responsibility to ensure jurisdiction lies with the court. | Once a district court determines that it lacks subject-matter jurisdiction, it has no power to rule on substantive motions in the case. |
| *United States v. Tittjung*, 235 F.3d 330 (7th Cir. 2000) | Only when a jurisdictional error is egregious will courts treat a judgment as void, warranting relief from a final judgment. | A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or the parties. |
| *Vaden v. Discover Bank,* 556 U.S. 49 (2009) | Federal courts may look through a petition to compel arbitration to determine whether it has jurisdiction over the petition. | Before compelling arbitration, a federal court must first ensure it has jurisdiction to do so. |

| | | |
|---|---|---|
| *United States v. Beggerly*, 524 U.S. 38 (1998) | Pursuant to Rule 60(b), on motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. | Rule 60(b) is meant to prevent mistake, inadvertence, surprise, or excusable neglect. |
| *Gonzalez v. Crosby*, 545 U.S. 524 (2005) | Rule 60(b) also preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction…. since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. | Relief under Rule 60(b)(6) is appropriate where a party has been denied a fair opportunity to litigate its claims. |
| *Phelps v. Alameida,* 569 F.3d 1120 (9th Cir. | Pursuant to Rule 60(b)(6), the important | Rule 60(b)(6) relief is warranted where |

DECLARATION OF SEPIDEH ARDESTANI RE OSC

| | | | |
|---|---|---|---|
| | 2009) | and potentially countervailing considerations of a strong public interest and the timeliness and finality of judgments, the exercise of a court's ample equitable power under catch-all provision of rule governing relief from a final judgment to reconsider its judgment requires a showing of extraordinary circumstances. | enforcement of the judgment would be manifestly unjust. |
| | *Klapprott v. United States,* 335 U.S., 601 (1949) | Fair hearings are in accord with elemental concepts of justice, and the language of the 'other reason' clause of 60(b) is broad enough to authorize the Court to set aside the default judgment and grant | Rule 60(b)(6) is designed to ensure that substantial justice is achieved, particularly where rigid application of procedural rules would result in a fundamentally unfair outcome. |

DECLARATION OF SEPIDEH ARDESTANI RE OSC

| | | |
|---|---|---|
| | petitioner a fair hearing. | |
| *Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) | Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction. | Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction. |
| *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208 (9th Cir. 2009) | Upon dismissal of claim precluded by SLUSA, district court was required to remand minority shareholders' non-precluded state law claims to state court. | A district court may not simultaneously retain jurisdiction over certain claims while remanding materially identical claims arising from the same factual and legal basis |
| *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) | The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. | The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. |
| *Thermtron Products, Inc. v. Hermansdorfer*, | Congress' purpose in barring review of all | A district court's remand order is final |

| (1976) 423 U.S. 336 | remand orders has always been very clear to prevent the additional delay which a removing party may achieve by seeking appellate reconsideration of an order of remand under § 1447(d). | and not subject to appeal or reconsideration under § 1447(d). |
|---|---|---|
| | | |

10.  I did not intend to mislead this Court or Defendant's counsel. I offer my sincere apology to this Court and to Defendant's counsel for the inadvertent errors contained in Plaintiff's Motion, which were the result of unintentional human oversight.

11.  I respectfully request that this Court not issue any monetary sanctions or other disciplinary actions against me.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on the 20th day of June, at Los Angeles, California.

_____
Sepideh Ardestani, Declarant

DECLARATION OF SEPIDEH ARDESTANI RE OSC