UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TENIAH TERCERO,

Plaintiff,

v.

SACRAMENTO LOGISTICS, LLC, et al.,

Defendants.

No.  2:24-cv-00953-DC-JDP

ORDER SANCTIONING PLAINTIFF'S COUNSEL, SEPIDEH ARDESTANI

On June 16, 2025, the court ordered Sepideh Ardestani, counsel for Plaintiff Teniah Tercero, to show cause why sanctions or other appropriate disciplinary action should not issue for her inclusion of nonexistent and erroneous citations in Plaintiff's motion for reconsideration. (Doc. No. 48.) On June 20, 2025, Attorney Ardestani filed her response to the court's order to show cause. (Doc. No. 49.) For the reasons explained below, the court will impose sanctions against Attorney Ardestani pursuant to Federal Rule of Civil Procedure 11(b) and Local Rule 180(e).

**BACKGROUND**

**A.    Briefing on Plaintiff's Motion for Reconsideration**

On January 7, 2025, the court granted Defendant Sacramento Logistics LLC's and Defendant C&S Wholesale Grocers, LLC's motion to compel arbitration of Plaintiff Teniah Tercero's claims and stayed all proceedings pending the completion of arbitration. (Doc. No. 33.)

1

1    On March 26, 2025, Plaintiff filed a motion for reconsideration of the court's January 7, 2025

2    order compelling arbitration. (Doc. No. 34.) Plaintiff's motion for reconsideration was signed and

3    filed by Plaintiff's counsel, Sepideh Ardestani. (*Id.* at 19.) Attorney Ardestani is a member of the

4    State Bar of California.[1] (*See id.* at 1.)

5        On April 9, 2025, Defendants filed an opposition to Plaintiff's motion for reconsideration.

6    (Doc. No. 36.) In their opposition, Defendants noted that the authorities cited in Plaintiff's motion

7    for reconsideration are "non-existent, patently manufactured, or entirely inapplicable." (*Id.* at 13.)

8    Specifically, Plaintiff cites to "two cases that simply do not exist," "[t]en other cases . . . [that] do

9    not contain the language quoted by Plaintiff," and twelve cases that "do not support the

10    propositions for which [Plaintiff] proffers them." (*Id.* at 13–15.) In Defendants' view, "Plaintiff's

11    non-existent and misleading citations bear all the hallmarks of fictitious citations generated by

12    artificial intelligence." (*Id.* at 8.)

13        In support of their assertions, Defendants submit the declaration of their counsel, Amy E.

14    Beverlin, who "personally reviewed Plaintiff's [m]otion [for reconsideration] and each of the case

15    citations included therein." (Doc. No. 36-1 at 2.) In a table attached to her declaration, Attorney

16    Beverlin carefully details her concerns with eighteen of the twenty-four cases cited in Plaintiff's

17    motion for reconsideration. (*Id.* at 11–17.) Attorney Beverlin identifies two citations to cases that

18    she believes are nonexistent: "*Klein v. Avante Group, Inc*., 199 F.3d 1328, 1331 (11th Cir. 2000)"

19    and "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)." (*Id.* at 2–3, 11.) Attorney Beverlin

20    searched for both cases using Westlaw, LexisNexis, and Google, but was unsuccessful in locating

21    either case. (*Id.* at 3, 11.) In addition, Attorney Beverlin asserts that ten cases cited in Plaintiff's

22    motion for reconsideration exist but do not contain the quoted language for which they are cited.

23    (*Id.* at 3, 11–14.) Finally, Attorney Beverlin asserts that twelve cases cited in Plaintiff's motion

24    for reconsideration exist but "[do] not support the positions for which they were offered." (*Id.* at

25    4, 12–17.)

26

27

28

---

[1] In Plaintiff's motion for reconsideration, Attorney Ardestani listed her State Bar of California number as 274259. The court confirmed Attorney Ardestani's registration and bar number based on a public search of the State Bar of California member directory. *See* California Attorney Search, https://apps.calbar.ca.gov/attorney/Licensee/Detail/274259 (last visited Sept. 8, 2025).

On April 18, 2025, Attorney Ardestani filed Plaintiff's reply to the motion for reconsideration. (Doc. No. 40.) Therein, Plaintiff contends that "Defendants['] attacks on Plaintiff's cited cases are baseless and misleading." (*Id.* at 6.) Plaintiff asserts that "8 citations inadvertently included a pincite and quotation marks around a summary of the holding (though the case summaries were accurate); 2 citations included a pincite in error (though the case summaries were accurate); 3 citations contained no actual errors, aside from Defendants' disagreement with their application; and 4 citations mistakenly listed the wrong case name and citation (though the case summaries were accurate)." (*Id.*) In Plaintiff's view, Defendants' opposition "mischaracterizes minor errors" and "her counsel should not be disparaged for typographical errors." (*Id.*)

In support of her reply, Plaintiff submits the declaration of Attorney Ardestani, who acknowledges that she cited a total of twenty-four cases in Plaintiff's motion for reconsideration and made "inadvertent mistake[s]" with respect to fourteen of those cases. (Doc. No. 40-1 at 2.) Attorney Ardestani provides what she characterizes as "[c]orrect citation[s]" to replace the nonexistent and erroneous citations identified by Attorney Beverlin. (*Id.* at 2–11.) Attorney Ardestani requests that the court strike the fourteen citation errors she admittedly made in Plaintiff's motion for reconsideration. (*Id.* at 5–9.)

In her declaration, Attorney Ardestani also states that she is "unsure" why "incorrect case names and citations" were provided "instead of the correct ones." (*Id.*) Attorney Ardestani explains that she drafted Plaintiff's motion for reconsideration "late in the evening, and in the process, [these] error[s] occurred." (*Id.*) Attorney Ardestani contends that she has "not attempted to mislead this [c]ourt or Defendants' [c]ounsel" and "did not use artificial intelligence to cite any cases used in Plaintiff's [motion for reconsideration]." (*Id.* at 3.) Attorney Ardestani "apologize[s] to the [c]ourt and to Defendants' [c]ounsel for this oversight." (*Id.*)

**B.    Hearing on Plaintiff's Motion for Reconsideration**

The court ordered Attorney Ardestani to appear at the June 13, 2025 hearing on Plaintiff's motion for reconsideration, which she did. (Doc. Nos. 44, 45, 47.) At the hearing, Attorney Ardestani proclaimed that prior to reading Defendants' opposition, wherein Defendants suggest

3

1  that the citations in Plaintiff's motion for reconsideration may have been generated by artificial

2  intelligence (Doc. No. 36 at 8), she did not know what artificial intelligence was, so she had to

3  look up artificial intelligence online to understand Defendants' accusations. Attorney Ardestani

4  reaffirmed the statements made in her declaration (Doc. No. 40-1) that she is "unsure" how the

5  citation errors in Plaintiff's motion for reconsideration occurred. However, Attorney Ardestani

6  also implied, for the first time, that the citation errors may have occurred because she handwrote

7  her research notes. Attorney Ardestani stated that she conducted research for a friend regarding

8  debt collection while working on Plaintiff's motion for reconsideration and may have confused

9  cases regarding debt collection for cases supporting Plaintiff's motion for reconsideration.

10      When the court inquired as to Attorney Ardestani's source for citations to nonexistent

11  cases, including the case name, reporter, pincite, and court provided for "*Klein v. Avante Group,*

12  *Inc*., 199 F.3d 1328, 1331 (11th Cir. 2000)" and "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir.

13  2022)," Attorney Ardestani was unable to provide an explanation. When the court inquired as to

14  her citations quoting language not found in the cases cited, Attorney Ardestani stated that she

15  mistakenly cited her case summaries as direct quotes from the cases cited. The court noted that

16  for at least one such citation, the language Attorney Ardestani allegedly drafted as a case

17  summary is itself a direct quote from a different case not cited in Plaintiff's motion for

18  reconsideration. Specifically, Attorney Ardestani cited *In re Loudermilch*, 158 F.3d 1143, 1145

19  (11th Cir. 1998) as stating that "[o]nce a district court certifies a remand order to state court, it is

20  divested of jurisdiction and can take no further action on the case" (Doc. No. 34 at 14), but that

21  quote actually appears word-for-word in *Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*,

22  837 F.2d 413 (9th Cir. 1988). Finally, when the court inquired as to the pincites Attorney

23  Ardestani provided for language she incorrectly cited as direct quotes, Attorney Ardestani

24  expressed uncertainty as to where the pincites came from. Despite insisting that she handwrote

25  her research notes, Attorney Ardestani stated that she used Westlaw to copy and paste pincites

26  and may have copied the wrong pincites.

27  **C.      Order to Show Cause**

28      Following the hearing on Plaintiff's motion for reconsideration, on June 16, 2025, the

court ordered Attorney Ardestani to show cause why sanctions or other appropriate disciplinary action should not issue due to her use of nonexistent and erroneous citations in Plaintiff's motion for reconsideration. (Doc. No. 48.) Attorney Ardestani timely filed her response to the order to show cause on June 20, 2025. (Doc. No. 49.) In her response, Attorney Ardestani explains that she drafted Plaintiff's motion for reconsideration "over several evenings between March 17, 2025, and March 25, 2025," prior to its filing on March 26, 2025. (*Id.* at 2.) During this time period, Attorney Ardestani also prepared Plaintiff's motion to remand (Doc. No. 35), "participated in five mediation sessions (each lasting 8 to 10 hours), attended two court hearings, and conducted six phone conferences." (Doc. No. 49 at 2.) Additionally, Attorney Ardestani cared for her two young children and was "the sole caretaker of [her] 81-year-old father, who is mute, wheelchair-bound, and paraplegic due to late-stage Parkinson's disease." (*Id.* at 3.)

Attorney Ardestani maintains that "the first time [she] became aware of the use of [artificial intelligence] in the legal field was when Defendants accused [her] of using it to draft Plaintiff's motion." (*Id.* at 2.) Attorney Ardestani insists that she "did not use artificial intelligence" to draft Plaintiff's motion for reconsideration and "[a]ny miscited cases in Plaintiff's [m]otion were the result of human error, not the use of [artificial intelligence]." (*Id.*) Specifically, she states that "the errors in case names and citations stemmed from inaccuracies in [her] handwritten notes." (*Id.* at 3.) Attorney Ardestani alleges she was "conducting research on debt collection and discovery dispute cases for a family friend" while she was drafting Plaintiff's motion and "recorded case names, citations, and summaries of holdings by hand on a legal pad rather than typing them into a Word document." (*Id.*) Attorney Ardestani states that she "did not intend to mislead this [c]ourt or Defendant[s'] counsel" with the "inadvertent errors" contained in Plaintiff's motion for reconsideration. (*Id.* at 11.)

**D.    Erroneous Citations in Plaintiff's Motion for Reconsideration**

The court has carefully reviewed Plaintiff's motion for reconsideration, signed and filed by Attorney Ardestani. (Doc. No. 34.) Based on the court's review, a majority of the citations in Plaintiff's motion for reconsideration are erroneous. Of the twenty-four citations in Plaintiff's motion, eighteen citations present concerns. As Defendants outlined in their opposition to

5

1    Plaintiff's motion (Doc. No. 36), two citations appear to be fabricated as they cite to cases that do

2    not exist, ten citations quote language that does not appear in the case cited, and twelve citations

3    misrepresent cases by citing them for propositions they do not support. For the sake of brevity,

4    the court addresses only the most egregious examples below.[2]

5           1.    Citations to Nonexistent Cases

6           In Plaintiff's motion for reconsideration, Attorney Ardestani cited two cases that do not

7    exist. Attorney Ardestani's fabricated citations to nonexistent cases, as well as the alternative

8    citations she provided to the court as replacements for her fabricated citations, can be summarized

9    as follows:

| Original Citation to Nonexistent Case in Plaintiff's Motion for Reconsideration | Citation Attorney Ardestani Located for Her Friend | "Corrected" Citation |
|---|---|---|
| *Klein v. Avante Group, Inc.*, 199 F.3d 1328, 1331 (11th Cir. 2000) (finding that a district court lacks the authority to split claims and retain jurisdiction over some while remanding others based on the same set of facts and legal issues) | *Klein v. Affiliated Grp., Inc.*, No. 18-CV-949 DWF/ECW, 2019 WL 246768 (D. Minn. Jan. 17, 2019) | *Simon v. Stang*, No. C 10-00262 JF (HRL) 2010 WL 1460430 (N.D. Cal. Apr. 12, 2010) (Remand required once federal court dismisses precluded claims) |
| *Gersh v. Anglin,* 40 F.4th 917, 920 (7th Cir. 2022) ("A void judgment is one entered by a court lacking jurisdiction and must be set aside."). | *Gersh v. Anglin*, No. CV 17-50-M-DLCKLD, 2022 WL 2466782 (D. Mont. May 11, 2022) | *Burke v. Smith*, 252 F.3d 1260 (11th Cir. 2001) (Generally, judgment is void, warranting relief from judgment under civil procedure rules, if court that rendered it lacked jurisdiction of subject matter, or of parties, or if it acted in manner inconsistent with due process of law, or was powerless to enter judgment.) |

---

[2] Several citations in Plaintiff's motion for reconsideration (Doc. No. 34), Attorney Ardestani's declaration (Doc. No. 40-1), and Attorney Ardestani's response to the court's order to show cause (Doc. No. 49) contain formatting errors. To maintain consistency with Attorney Ardestani's filings, the court will not correct the formatting errors in the citations Attorney Ardestani provided.

1    Attorney Ardestani cited to "*Klein v. Avante Group, Inc*., 199 F.3d 1328, 1331 (11th Cir.

2    2000)" for the proposition that "a district court lacks the authority to split claims and retain

3    jurisdiction over some while remanding others based on the same set of facts and legal issues."

4    (Doc. No. 34 at 14–15.) However, "*Klein v. Avante Group, Inc*., 199 F.3d 1328, 1331 (11th Cir.

5    2000)" does not exist. The court's search for "*Klein v. Avante Group, Inc*., 199 F.3d 1328, 1331

6    (11th Cir. 2000)" did not yield any results. Not only is there no case by the name of "*Klein v.*

7    *Avante Group, Inc*.," but there is no case at reporter "199 F.3d 1328" from the United States

8    Court of Appeals for the Eleventh Circuit from the year 2000, or any other year. A search for

9    "199 F.3d 1328" on Westlaw yields a table of cases from the United States Court of Appeals for

10   the Fourth Circuit, none of which bear the name "*Klein v. Avante Group, Inc*." or were issued in

11   the year 2000.

12   Attorney Ardestani claims that she mistakenly cited "*Klein v. Avante Group, Inc*., 199

13   F.3d 1328, 1331 (11th Cir. 2000)" because she confused her notes for Plaintiff's motion with

14   notes on cases regarding debt collection that she located for her friend. Specifically, Attorney

15   Ardestani claims to have located a case regarding debt collection with a slightly different name

16   for her friend: *Klein v. Affiliated Grp., Inc.,* No. 18-CV-949 DWF/ECW, 2019 WL 246768 (D.

17   Minn. Jan. 17, 2019). (Doc. No. 49 at 3–4.) Attorney Ardestani contends she "misspelled

18   '*Affiliated*' and instead wrote '*Avante*' while writing the case name on [her] document while [she]

19   was researching [] for a family friend." (*Id.* at 4.) Nevertheless, Attorney Ardestani "do[es] not

20   know" where she sourced the reporter, pincite, court, or year for her "*Klein v. Avante Group, Inc*.,

21   199 F.3d 1328, 1331 (11th Cir. 2000)" citation in Plaintiff's motion. (*Id.*)

22   Beyond the similarity in the case name, the court notes there is no overlap between

23   Attorney Ardestani's citation to "*Klein v. Avante Group, Inc*., 199 F.3d 1328, 1331 (11th Cir.

24   2000)" and the case she purportedly located for her friend, *Klein v. Affiliated Grp., Inc.,* No. 18-

25   CV-949 DWF/ECW, 2019 WL 246768 (D. Minn. Jan. 17, 2019). The citation to *Klein v.*

26   *Affiliated Group, Inc.* does not include a "199 F.3d 1328" reporter citation, was not issued in the

27   year 2000, and is not from the Eleventh Circuit. Furthermore, *Klein v. Affiliated Group, Inc.* does

28   not support the proposition for which Attorney Ardestani cited "*Klein v. Avante Group, Inc*., 199

7

1    F.3d 1328, 1331 (11th Cir. 2000)," that "a district court lacks the authority to split claims and

2    retain jurisdiction over some while remanding others based on the same set of facts and legal

3    issues." (Doc. No. 34 at 14.)

4    　　　　Attorney Ardestani claims that she intended to cite *Simon v. Stang*, No. C 10-00262 JF

5    (HRL) 2010 WL 1460430 (N.D. Cal. Apr. 12, 2010) instead of "*Klein v. Avante Group, Inc*., 199

6    F.3d 1328, 1331 (11th Cir. 2000)." (*See* Doc. Nos. 40-1 at 8; 49 at 4.) Notably, the citation to

7    *Simon* does not bear any resemblance to Attorney Ardestani's citation to "*Klein v. Avante Group,*

8    *Inc*., 199 F.3d 1328, 1331 (11th Cir. 2000)" with respect to the case name, reporter, court, or year.

9    *Simon* also does not support the proposition for which Attorney Ardestani cited "*Klein v. Avante*

10   *Group, Inc*., 199 F.3d 1328, 1331 (11th Cir. 2000)." (Doc. No. 34 at 14.) *Simon* addresses

11   whether the Securities Litigation Uniform Standards Act of 1998 requires remand once a federal

12   court dismisses precluded claims. *See Simon*, 2010 WL 1460430, at *2–3. This action does not

13   involve any claims under that Act. Indeed, Attorney Ardestani provides an entirely different

14   parenthetical alongside her citation to *Simon* stating that "[r]emand [is] required once [a] federal

15   court dismisses precluded claims." (*See* Doc. Nos. 40-1 at 8; 49 at 4.)

16   　　　　Unfortunately, "*Klein v. Avante Group, Inc*., 199 F.3d 1328, 1331 (11th Cir. 2000)" is not

17   the only nonexistent case Attorney Ardestani cited in Plaintiff's motion for reconsideration.

18   Attorney Ardestani also cited "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)" as containing

19   language stating that "[a] void judgment is one entered by a court lacking jurisdiction and must be

20   set aside." (Doc. No. 34 at 15.) The court searched for "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th

21   Cir. 2022)," but that search did not yield any results. There is no case from the United States

22   Court of Appeals for the Seventh Circuit with the name "*Gersh v. Anglin*." A search for "40 F.4th

23   917" on Westlaw yields a case from the United States Court of Appeals for the Ninth Circuit:

24   *Audubon Society of Portland v. Haaland*, 40 F.4th 917 (9th Cir. 2022). *Audubon* does not contain

25   the language quoted by Attorney Ardestani alongside her citation to "*Gersh v. Anglin*, 40 F.4th

26   917, 920 (7th Cir. 2022)."

27   　　　　Attorney Ardestani claims that she mistakenly cited "*Gersh v. Anglin*, 40 F.4th 917, 920

28   (7th Cir. 2022)" because she confused her notes for Plaintiff's motion with notes on cases

8

1    regarding debt collection that she located for her friend. Specifically, Attorney Ardestani claims

2    to have located a case with the same name for her friend: *Gersh v. Anglin*, No. CV 17-50-M-

3    DLCKLD, 2022 WL 2466782 (D. Mont. May 11, 2022). (Doc. No. 49 at 4.) Nevertheless,

4    Attorney Ardestani "do[es] not know" where she sourced the reporter, pincite, court, or year for

5    her citation to "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)" in Plaintiff's motion. (*Id.*)

6    Besides the case name, the court notes that there is no overlap between Attorney

7    Ardestani's citation to "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)" and *Gersh v. Anglin*,

8    No. CV 17-50-M-DLCKLD, 2022 WL 2466782 (D. Mont. May 11, 2022). The citation provided

9    in Plaintiff's motion is to a published case from the United States Court of Appeals for the

10    Seventh Circuit, while the case Attorney Ardestani purportedly located for her friend is

11    unpublished and from the United States District Court for the District of Montana. Furthermore,

12    *Gersh v. Anglin*, No. CV 17-50-M-DLCKLD, 2022 WL 2466782 (D. Mont. May 11, 2022) does

13    not contain the language Attorney Ardestani quoted alongside her citation to "*Gersh v. Anglin*, 40

14    F.4th 917, 920 (7th Cir. 2022)" in Plaintiff's motion. (Doc. No. 34 at 15.)

15    Attorney Ardestani asserts that she intended to cite *Burke v. Smith*, 252 F.3d 1260 (11th

16    Cir. 2001) instead of "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)" in Plaintiff's motion

17    for reconsideration. (*See* Doc. Nos. 40-1 at 3, 8; 49 at 4–5.) In fact, at the hearing on Plaintiff's

18    motion, Attorney Ardestani indicated that the language she quoted alongside her citation to

19    "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)" was actually from *Burke*. The citation to

20    *Burke* bears no resemblance to Attorney Ardestani's citation to "*Gersh v. Anglin*, 40 F.4th 917,

21    920 (7th Cir. 2022)" with respect to the case name, reporter, court, or year. Contrary to Attorney

22    Ardestani's assertion that the language she quoted from "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th

23    Cir. 2022)" was actually from *Burke*, *Burke* does not contain the language Attorney Ardestani

24    quoted alongside her citation to "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)." Indeed,

25    Attorney Ardestani provides a different parenthetical for her citation to *Burke*, stating that

26    "[g]enerally, judgment is void, warranting relief from judgment under civil procedure rules, if

27    court that rendered it lacked jurisdiction of subject matter, or of parties, or if it acted in manner

28    inconsistent with due process of law, or was powerless to enter judgment." (Doc. Nos. 40-1 at 8;

49 at 5.)

2.    <u>Citations Falsely Attributing Language As Quotations</u>

In addition to citing two nonexistent cases, Attorney Ardestani falsely attributed language as direct quotations in ten citations. Three of those citations are summarized below:

| Citation in Plaintiff's Motion for Reconsideration | "Corrected" Citation |
|---|---|
| *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) ("Once a district court certifies a remand order to state court, it is divested of jurisdiction and can take no further action on the case.") | *In re Loudermilch*, 158 F.3d 1143 (11th Cir. 1998) (Once a district court certifies a remand order to state court, it is divested of jurisdiction and can take no further action on the case.) |
| *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, (2013) 571 U.S. 49, 56 ("A court lacking jurisdiction has no authority to enter orders compelling arbitration or enforcing arbitration agreements."). | *Doe v. Trump Corp*., 6 F.4th 400 (2d Cir. 2021) (district court lacked jurisdiction over enterprise's motion to compel arbitration). |
| *Ackermann v. United States*, 340 U.S. 193, 202 (1950) ("Rule 60(b)(6) should be liberally applied in the interest of justice."). | *Chena Obstetrics & Gynecology, P.C. v. Bridges*, 502 P.3d 951(Alaska 2022) (Rule 60(b)(6) should be liberally applied in the interest of justice). |

First, Attorney Ardestani cited *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) as stating that "[o]nce a district court certifies a remand order to state court, it is divested of jurisdiction and can take no further action on the case." (Doc. No. 34 at 14.) The quoted language does not appear in *In re Loudermilch*. Attorney Ardestani asserts that she "inadvertently included a pincite and quotation marks around [her] summary of the holding" for *In re Loudermilch*. (Doc. Nos. 40-1 at 2; 49 at 6.) In actuality, Attorney Ardestani's case summary for *In re Loudermilch* is a direct quote from *Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988), a case not cited in Plaintiff's motion for reconsideration. When confronted with this fact at the hearing on Plaintiff's motion for reconsideration, Attorney Ardestani was unable to provide an explanation.

Second, Attorney Ardestani cited *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 56 (2013) as stating that "[a] court lacking jurisdiction has no authority to enter orders compelling arbitration or enforcing arbitration agreements." (Doc. No. 34 at 16.) The quoted language does not appear in *Atlantic Marine Constr. Co.* In fact, *Atlantic Marine Constr. Co.*

1    does not discuss orders compelling arbitration or arbitration agreements, it discusses a forum-

2    selection clause. *See Atlantic Marine Constr. Co.*, 571 U.S. at 49. Attorney Ardestani claims that

3    she "inadvertently provided the wrong case name and citation" when citing to *Atlantic Marine*

4    *Constr. Co.* in Plaintiff's motion. (Doc. Nos. 40-1 at 3; 49 at 5–6.) According to Attorney

5    Ardestani, *Atlantic Marine Constr. Co.* is a "[v]enue selection case [she] reviewed for a family

6    friend" and she "do[es] not know where the citation after the case name came from." (Doc. No.

7    49 at 5.)

8         Attorney Ardestani asserts that she intended to cite *Doe v. Trump Corp.*, 6 F.4th 400 (2d

9    Cir. 2021) in Plaintiff's motion rather than *Atlantic Marine Constr. Co.* (Doc. Nos. 40-1 at 3; 49

10   at 5.) *Doe* does not contain the language quoted by Attorney Ardestani alongside her citation to

11   *Atlantic Marine Constr. Co.* Indeed, Attorney Ardestani provides different language alongside her

12   corrected citation to *Doe*, stating that a "district court lacked jurisdiction over enterprise's motion

13   to compel arbitration." (Doc. Nos. 40-1 at 8; 49 at 5–6.) When the court requested an explanation

14   at the hearing on Plaintiff's motion for reconsideration, Attorney Ardestani stated that the quoted

15   language she attributed to *Atlantic Marine Constr. Co.* was her case summary for *Doe.*

16        Third, Attorney Ardestani cited *Ackermann v. United States*, 340 U.S. 193, 202 (1950) as

17   stating that "Rule 60(b)(6) should be liberally applied in the interest of justice." (Doc. No. 34 at

18   18.) The quoted language does not appear in *Ackermann*. Although *Ackermann* mentions Federal

19   Rule of Civil Procedure ("FRCP") 60(b)(6), it does not indicate that FRCP 60(b)(6) should be

20   applied liberally in the interest of justice. *See Ackermann*, 340 U.S. at 197–199, 202.

21        Attorney Ardestani asserts that she intended to cite to *Chena Obstetrics & Gynecology,*

22   *P.C. v. Bridges*, 502 P.3d 951 (Alaska 2022) in Plaintiff's motion for reconsideration rather than

23   *Ackermann.* (Doc. Nos. 40-1 at 3, 8; 49 at 3, 6.) At the hearing on Plaintiff's motion, and in her

24   response to the order to show cause, Attorney Ardestani stated that "[w]hile the *Ackermann* case

25   does address [FRCP] 60(b), [she] ultimately decided not to rely on it, as *Chena Obstetrics* is more

26   directly applicable to the specific context of [FRCP] 60(b)(6)." (Doc. No. 49 at 3.) Attorney

27   Ardestani fails to explain why she cited *Ackermann* in Plaintiff's motion for reconsideration if it

28   is not directly applicable to the specific context of FRCP 60(b)(6).

3.     Citations Misrepresenting Cases

Finally, Attorney Ardestani misrepresented twelve cases by citing them for propositions they do not support. Two of those citations are summarized below:

| Citation in Plaintiff's Motion for Reconsideration | "Corrected" Citation |
| --- | --- |
| *United States v. Beggerly*, 524 U.S. 38, 46 (1998) ("Rule 60(b)(6) is meant to prevent extreme and unexpected hardship caused by inconsistent or erroneous rulings.") | *United States v. Beggerly*, 524 U.S. 38 (1998) (Rule 60(b) is meant to prevent mistake, inadvertence, surprise, or excusable neglect). |
| *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or the parties.") | *United States v. Tittjung*, 235 F.3d 330 (7th Cir. 2000) (A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or the parties). |

First, Attorney Ardestani provided the following quotation in a parenthetical alongside her citation to *United States v. Beggerly*, 524 U.S. 38, 46 (1998): "Rule 60(b)(6) is meant to prevent extreme and unexpected hardship caused by inconsistent or erroneous rulings." (Doc. No. 34 at 17.) The quoted language does not appear in *Beggerly*, which only mentions FRCP 60(b), not FRCP 60(b)(6). Attorney Ardestani asserts that she "erroneously placed a pincite and quotations marks" around her summary of the case. (Doc. No. 40-1 at 6.) Attorney Ardestani does not explain why her case summary of *Beggerly* referenced FRCP 60(b)(6), a rule not addressed by the case. Instead, Attorney Ardestani provides a "corrected" parenthetical for *Beggerly*, stating that "Rule 60(b) is meant to prevent mistake, inadvertence, surprise, or excusable neglect." (*Id.*; *see also* Doc. No. 49 at 8.) The court notes that the corrected parenthetical Attorney Ardestani provides for *Beggerly* is different from the quotation she provided alongside her citation to *Beggerly* in Plaintiff's motion, despite the fact that she asserts the original misquoted language was her case summary for *Beggerly*.

Second, Attorney Ardestani provided the following quotation in a parenthetical alongside her citation to *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000): "A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or the parties." (Doc. No. 34

12

1    at 15.) The quoted language does not appear in *Tittjung*. Attorney Ardestani asserts that she

2    "erroneously placed a pincite and quotations marks" around her summary of the case. (Doc. No.

3    40-1 at 5.) She states the parenthetical should read the same, but without quotation marks. (*Id.*)

4    However, even as a case summary, the parenthetical Attorney Ardestani provided for *Tittjung* is

5    misleading. Contrary to Attorney Ardestani's contention that *Tittjung* stands for the proposition

6    that "[a] judgment is void if the court that rendered it lacked jurisdiction over the subject matter

7    or the parties," *Tittjung* states that "a lack of subject matter jurisdiction will not always render a

8    final judgment 'void.'" *Tittjung*, 235 F.3d at 335. Thus, Attorney Ardestani's citation to *Tittjung*

9    is inaccurate.

10        In sum, the court finds that the majority of citations Attorney Ardestani included in

11   Plaintiff's motion for reconsideration are nonexistent, inaccurate, or misleading.

12                                    **LEGAL STANDARD**

13        FRCP 11(b) provides, in relevant part, that, in presenting to a court a written and signed

14   pleading, motion, or other paper, an attorney "certifies that to the best of the person's knowledge,

15   information, and belief, formed after an inquiry reasonable under the circumstances: the claims,

16   defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument

17   for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P.

18   11(b)(2). Under FRCP 11(b), an attorney who signs a legal document certifies that they have

19   "read the document, [have] conducted a reasonable inquiry into the facts and the law and [are]

20   satisfied that the document is well grounded in both, and is acting without any improper motive."

21   *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542, 551 (1991); *see also*

22   *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("At the very least, the duties imposed by [FRCP

23   11(b)] require that attorneys read, and thereby confirm the existence and validity of, the legal

24   authorities on which they rely.") (citation omitted). Thus, FRCP 11(b) imposes on counsel an

25   affirmative duty to investigate the caselaw before submitting a court filing. *Rachel v. Banana*

26   *Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987).

27        Courts apply an objective test in assessing whether FRCP 11(b) has been violated.

28   *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (citing *Zaldivar v. City of Los*

*Angeles*, 780 F.2d 823, 829–32 (9th Cir. 1986), *abrogated on other grounds*, 496 U.S. 384 (1990)). "A violation of [FRCP 11(b)] does not require subjective bad faith." *Id.* (citing *Zaldivar*, 780 F.2d at 829–32). If a court determines that FRCP 11(b) has been violated, it "may impose an appropriate sanction on [the] attorney . . . responsible for the violation." Fed. R. Civ. P. 11(c)(1).

In addition to the duties imposed by FRCP 11(b), Local Rule 180(e) of the Eastern District of California mandates that any attorney appearing in this court shall "comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto" and "[n]o attorney admitted to practice before this [c]ourt shall engage in any conduct that degrades or impugns the integrity of the [c]ourt or in any manner interferes with the administration of justice." E.D. Cal. L.R. 180(e).

Rule 3.1 of the Rules of Professional Conduct of the State Bar of California provides that a lawyer shall not "present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law." Cal. R. Prof. Conduct 3.1(a)(2). In addition, Rule 3.3 requires candor to the tribunal. That rule specifically provides that a lawyer shall not "knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Cal. R. Prof. Conduct 3.3(a)(1). Further, a lawyer shall not "knowingly misquote to a tribunal the language of a book, statute, decision or other authority." Cal. R. Prof. Conduct 3.3(a)(2).

Lastly, Local Rule 110, which corresponds to FRCP 11, provides that "[f]ailure of counsel or of a party to comply with [the] Rules or with any order of the [c]ourt may be grounds for imposition by the [c]ourt of any and all sanctions authorized by statute or Rule or within the inherent power of the [c]ourt." E.D. Cal. L.R. 110.

**ANALYSIS**

In Plaintiff's motion for reconsideration, Attorney Ardestani cited cases that do not exist, falsely attributed language as direct quotations from cases, and misrepresented cases by citing them for propositions they do not support. Attorney Ardestani had multiple opportunities to

14

candidly explain the erroneous citations she submitted to the court but failed to do so. Instead, Attorney Ardestani made misleading statements about her erroneous citations in the declaration she submitted alongside Plaintiff's reply brief (Doc. No. 40-1), at the hearing on Plaintiff's motion for reconsideration, and in her response to the court's order to show cause (Doc. No. 49). As detailed below, Attorney Ardestani's conduct plainly violates FRCP 11(b) and Local Rule 180(e) and therefore, constitutes a sufficient basis for imposing sanctions. The court begins by addressing Attorney Ardestani's violation of FRCP 11(b) and Local Rule 180(e), before turning to appropriate sanctions.

**A.      Violations of Federal Rule of Civil Procedure 11(b) and Local Rule 180(e)**

Plaintiff's motion for reconsideration is plagued with erroneous citations, including two fabricated citations to cases that do not exist: "*Klein v. Avante Group, Inc*., 199 F.3d 1328, 1331 (11th Cir. 2000)" and "*Gersh v. Anglin*, 40 F.4th 917, 920 (7th Cir. 2022)." (Doc. No. 34 at 14–15.) "To start with the obvious, an attorney who submits fake cases clearly has not *read* those nonexistent cases." *Benjamin v. Costco Wholesale Corp*., 779 F. Supp. 3d 341, 343 (E.D.N.Y. 2025) (emphasis in original). Without reading the legal authorities upon which she relied, Attorney Ardestani could not have "ensure[d] that the arguments made based on those authorities are 'warranted by existing law,' [] or otherwise 'legally tenable.'" *Park*, 91 F.4th at 615 (citation omitted); *see also Mata v. Avianca, Inc*., 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law."). Attorney Ardestani's submission of citations to nonexistent cases, on its own, constitutes a violation of FRCP 11(b). *See e.g*., *Mavy v. Comm'r of Soc. Sec. Admin*., No. 2:25-cv-00689-PHX-KML, 2025 WL 2355222, at *6–7 (D. Ariz. Aug. 14, 2025) ("By repeatedly citing this [c]ourt to non-existent 'cases'. . . [c]ounsel failed to conduct any review whatsoever that those cases were valid or that the arguments she was making were legally tenable. That conduct squarely runs afoul of [FRCP] 11's mandate."); *Allen v. Mercedes-Benz USA, LLC*, No. 2:25-cv-01222-DJC-JDP, 2025 WL 1744451, at *3 (E.D. Cal. June 24, 2025) ("By providing fabricated quotations in the [r]eply and the [r]esponse, the [c]ourt finds that [counsel] violated FRCP

1    11 because he did not act reasonably under the circumstances to ensure that the legal contentions

2    in his brief were accurately representing existing law."); *Wadsworth v. Walmart Inc.*, 348 F.R.D.

3    489, 495 (D. Wyo. 2025) ("Because there is no dispute that [r]espondents cited fake cases in a

4    signed motion, [r]espondents' conduct violates [FRCP 11(b)(2)].").

5            However, Attorney Ardestani did not just submit citations to nonexistent cases, she also

6    falsely attributed language as direct quotations from cases and misrepresented cases by citing

7    them for propositions they do not support. Attorney Ardestani's erroneous citations make clear

8    that she submitted Plaintiff's motion to the court without conducting a reasonable inquiry into the

9    validity of the legal authorities cited. Had she done so, it stands to reason that she would have

10   discovered her numerous erroneous citations. Nevertheless, Attorney Ardestani signed and filed

11   Plaintiff's motion for reconsideration, falsely certifying that she had conducted a "reasonable

12   inquiry into the facts and the law," *Bus. Guides, Inc.*, 498 U.S. at 551, and that the motion's

13   "legal contentions" were "warranted by existing law or by a nonfrivolous argument for extending,

14   modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2).

15   Attorney Ardestani's filing of Plaintiff's motion, "without taking the necessary care in [its]

16   preparation[,] is an abuse of the judicial system" that directly contravenes FRCP 11(b). *ByoPlanet*

17   *Int'l, LLC v. Johansson*, No. 0:25-cv-60630-DSL, 2025 WL 2091025, at *7 (S.D. Fla. July 17,

18   2025); *see also Mavy*, 2025 WL 2355222, at *6 (counsel violated FRCP 11 by citing cases that

19   did not stand for the propositions put forth); *Dehghani v. Castro*, No. 2:25-cv-00052-MIS-DLM,

20   2025 WL 1361765, at *4 (D.N.M. May 9, 2025) (counsel violated FRCP 11 by providing thirteen

21   citations for cases that did not support the propositions stated and quoted language not found in

22   the cases cited). Therefore, the court finds that Attorney Ardestani violated FRCP 11(b).

23           Similarly, as discussed further below, Attorney Ardestani's submission of "fictitious

24   cases and quotations to the court 'degrades or impugns the integrity of the [c]ourt' and 'interferes

25   with the administration of justice' in violation of Local Rule 180(e), and violates California Rules

26   of Professional Conduct 3.1(a)(2), 3.3(a)(1), and 3.3(a)(2)." *See United States v. Hayes*, 763 F.

27   Supp. 3d 1054, 1064 (E.D. Cal. 2025) (noting that courts have found rules of professional

28   conduct violated by the submission of fictitious legal authority); *see also Allen*, 2025 WL

1744451, at *3 (finding counsel "violated Local Rule 180(e) by way of violation of Rule 3.3(a)(1) of the Rules of Professional Conduct of the State Bar of California, as [counsel] knowingly made, and failed to correct, false statements of law" when he submitted fictitious cases and quotations).

Because Attorney Ardestani violated FRCP 11(b) and Local Rule 180(e), the court considers whether sanctions should be imposed.

**B.    Sanctions Against Attorney Ardestani**

If the court finds an attorney has violated FRCP 11(b), the court "may impose an appropriate sanction" after the court has provided that attorney "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Cap., Inc., v. Carnival Air Lines, Inc*., 210 F.3d 1112, 1118 (9th Cir. 2000). Sanctions for violation of FRCP 11(b) may be imposed via motion or on a court's own initiative. Fed. R. Civ. P. 11(c)(2)–(3). "[U]nlike the situation in which an opposing party moves for [FRCP] 11 sanctions—there is no 'safe harbor' in [FRCP 11] allowing lawyers to correct or withdraw their challenged filings" when a court is considering issuing sanctions *sua sponte*. *United Nat. Ins. Co. v. R&D Latex Corp*., 242 F.3d 1102, 1115–16 (9th Cir. 2001) (citation omitted). In light of this distinction, sanctions issued *sua sponte* under FRCP 11 "will ordinarily be imposed only in situations that are *akin to a contempt of court*." *Id.* at 1116 (citation omitted) (emphasis in original).

A court has "wide discretion in determining the appropriate sanction for a [FRCP] 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987). "[FRCP] 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Wadsworth*, 348 F.R.D. at 496.

"The Local Rules of the Eastern District also provide wide latitude to the court to issue sanctions." *See Wolinski v. Abdulgader*, No. 2:21-cv-2078-DJC-CKD, 2025 WL 1150943, at *2 (E.D. Cal. Apr. 18, 2025). Local Rule 184(a) provides that "[i]n the event any attorney subject to [the Local] Rules engages in conduct that may warrant discipline or other sanctions," the court may "after reasonable notice and opportunity to show cause to the contrary, take any []

1    appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).

2         Attorney Ardestani was provided with notice and an opportunity to be heard on why

3    sanctions or other appropriate disciplinary action should not issue for her use of nonexistent and

4    erroneous citations in Plaintiff's motion for reconsideration. (Doc. No. 48.) In fact, Attorney

5    Ardestani had multiple opportunities to explain her nonexistent and erroneous citations. Attorney

6    Ardestani's first opportunity to acknowledge her errors was in response to Defendants' opposition

7    to Plaintiff's motion for reconsideration, especially given Defendants' comprehensive discussion

8    identifying concerns with eighteen of the twenty-four citations Attorney Ardestani included in

9    Plaintiff's motion. Rather than being forthcoming, however, Attorney Ardestani downplayed

10   Defendants' concerns in Plaintiff's reply, characterizing the errors in her citations as "trivial

11   formatting issues," "superficial issue[s,]" and "typographical errors." (Doc. No. 40 at 6, 9.)

12   Attorney Ardestani went as far as framing Defendants' concerns as "inflammatory and unfounded

13   allegations" that were "misleading and unjustified." (*Id.* at 5–6.) In her declaration, filed

14   alongside Plaintiff's reply, Attorney Ardestani failed to acknowledge that she submitted citations

15   to the court for cases that do not exist. Instead, Attorney Ardestani claimed she made "inadvertent

16   mistake[s]" in Plaintiff's motion because it was "drafted late in the evening." (Doc. No. 40-1 at

17   3.)

18        Attorney Ardestani's second opportunity to explain her erroneous citations was at the

19   hearing on Plaintiff's motion, where the court made clear that it had serious concerns with the

20   citations in Plaintiff's motion. Although the court dedicated significant time to discussing the

21   citations, Attorney Ardestani provided little, if any, clarity. Attorney Ardestani failed to explain

22   where she sourced the reporters, pincites, courts, and years for her citations to nonexistent cases.

23   Instead, Attorney Ardestani proclaimed she did know what artificial intelligence was and claimed

24   her citation errors occurred because she was researching debt collection cases for her friend, an

25   explanation she did not provide in her initial declaration. Attorney Ardestani's explanation that

26   the errors may have been caused by her "old-school" handwritten notes is also belied by her

27   subsequent explanation that she used Westlaw's copy/paste feature to retrieve citations and

28   pincites.

1    Attorney Ardestani's third opportunity to explain her erroneous citations was in response

2    to the court's order to show cause. By that time, Attorney Ardestani was well aware that the court

3    was deeply troubled by the citations in Plaintiff's motion for reconsideration and was considering

4    sanctions. But instead of providing clarity for the court, Attorney Ardestani reiterated the

5    nonsensical explanations she provided at the hearing on Plaintiff's motion for reconsideration. In

6    her response to the order to show cause, Attorney Ardestani maintained that she did not use

7    artificial intelligence and her citations to nonexistent cases were the result of human error. Yet,

8    Attorney Ardestani still failed to provide sources for the reporters, pincites, courts, and years she

9    included in citations. Attorney Ardestani also maintained that she mistakenly cited her case

10   summaries as direct quotations, even for *In re Loudermilch*, 158 F.3d 1143 (11th Cir. 1998). In

11   other words, Attorney Ardestani would have the court believe that the summary she drafted for *In

12   re Loudermilch*, 158 F.3d 1143 (11th Cir. 1998) coincidentally happens to be, word-for-word, the

13   same as a sentence from the United States Court of Appeals for the Ninth Circuit's opinion in

14   *Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*, 837 F.2d 413 (9th Cir. 1988).

15   Although Attorney Ardestani insists she did not use artificial intelligence to prepare

16   Plaintiff's motion for reconsideration, she has repeatedly failed to provide any other cogent

17   explanation for the numerous citation deficiencies in Plaintiff's motion. "A citation to one non-

18   existent case may be a mere mistake. But here, the fact that [two] citations are non-existent

19   suggests [ ] counsel may have used artificial intelligence to draft the motion and failed to confirm

20   the accuracy of the citations." *Strike 3 Holdings, LLC v. Doe*, No. 2:22-cv-08183-TJH-SP, 2025

21   WL 882212, at *3 (C.D. Cal. Jan. 22, 2025). Indeed, Attorney Ardestani's citations to nonexistent

22   cases bear the hallmarks of hallucinated cases created by artificial intelligence tools. *See Hayes*,

23   763 F. Supp. 3d at 1065–66 (fabricated citation "look[ed] like a real case with a case name; a

24   citation to the Federal Supplement, which is the reporter that publishes opinions from federal

25   district courts; identification of a district court; and the year for the decision," but in actuality was

26   a citation "for a different case" and the language quoted "appear[ed] nowhere in the decision");

27   *Mata*, 678 F. Supp. 3d at 451, 454 (fictitious case did not address the claimed subject matter and

28   identified the wrong parties, the wrong court, and the wrong year). However, the court "need not

1  make any finding as to whether [Attorney Ardestani] actually used [artificial intelligence] to draft

2  any portion of" Plaintiff's motion for reconsideration because "[c]iting nonexistent case law or

3  misrepresenting the holdings of a case is making a false statement to a court. It does not matter if

4  [artificial intelligence] told you so." *See Hayes*, 763 F. Supp. 3d at 1066-67 (citation omitted).[3]

5          To put it simply, Attorney Ardestani's post-hoc explanations for her nonexistent and

6  erroneous citations are inconsistent and not credible. Attorney Ardestani's submission of a motion

7  with numerous nonexistent and erroneous citations, coupled with her repeated failure to be

8  forthcoming with the court, constitutes conduct that is "akin to contempt of court." *See Mavy*,

9  2025 WL 2355222, at *7 ("Plaintiff's [o]pening [b]rief is riddled with fabricated, misleading, or

10  unsupported citations. This situation is indeed akin to contempt of court. Left with the surviving

11  authority, entire sections of the filing's '[a]nalysis' are nearly wholly unsupported, and clearly,

12  there was no reasonable inquiry made into its contents."); *Brown v. Royal Power Mgmt., Inc.*, No.

13  3:11-cv-4822-EMC, 2012 WL 298315, at *4 (N.D. Cal. Feb. 1, 2012) ("Plaintiffs' counsel

14  continued to assert that venue was proper despite knowing that this assertion was baseless. The

15  [c]ourt finds that this behavior, particularly after confronted with evidence that their venue

16  allegations were baseless, constituted bad faith and lacked forthrightness with the [c]ourt; this

17  conduct is 'akin to contempt of court.'") (citation omitted). Therefore, having provided Attorney

18  Ardestani with notice and the opportunity to be heard (Doc. No. 48), the court may *sua sponte*

19  impose sanctions on Attorney Ardestani for her violations of FRCP 11(b) and Local Rule 180(e).

20          "Courts across the country have issued sanctions against attorneys . . . for submitting

21  fictitious case citations, fictitious quotations, and related misrepresentations to the court." *Hayes*,

22  763 F. Supp. 3d at 1071. Sanctions often include (1) monetary sanctions, (2) striking the filing

23  containing erroneous citations, (3) requiring written notification to the client, (4) requiring written

24  notification to judges incorrectly identified as having authored nonexistent cases, and (5) referring

---

[3] To be clear, the court is not opposed to the ethical use of artificial intelligence. But "a lawyer
who wishes to use [artificial intelligence] ethically must ensure that the legal propositions and
authority generated are trustworthy. The lawyer has a duty to check all the cases and quotations
for accuracy. Anything less is to abdicate one's duty, waste legal resources, and lower the
public's respect for the legal profession and judicial proceedings." *ByoPlanet Int'l, LLC*, 2025
WL 2091025, at *2.

attorneys to the appropriate disciplinary body for disciplinary proceedings. *See e.g.*, *Benjamin*, 779 F. Supp. 3d at 351 (requiring an attorney to pay a $1,000 fine to the court and serve a copy of the court's sanction order on their client); *Wadsworth*, 348 F.R.D. at 499 (D. Wyo. 2025) (imposing a $3,000 fine payable to the court on an attorney who drafted a brief with nonexistent cases and a $1,000 fine payable to the court for other attorneys who signed, but did not draft, the brief); *Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-cv-00281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024) (imposing a $2,000 fine on an attorney for submitting a brief with citations generated by artificial intelligence, ordering the attorney to attend continuing legal education courses, and requiring the attorney to serve a copy of the court's sanction order on their client); *Mata*, 678 F. Supp. 3d at 449, 466 (imposing a $5,000 fine on attorneys who submitted a brief with citations to fake cases and "doubled down" when confronted); *Allen*, 2025 WL 1744451, at *3 (referring violations of FRCP 11 and Local Rule 180(e) to the State Bar of California "for whatever proceedings the State Bar deems appropriate"); *Avendano v. Sec. Consultants Grp.*, No. 3:13-cv-00168-HDM, 2014 WL 6773027, at *12 (D. Nev. Dec. 2, 2014) (sanctioning attorney for knowingly making misrepresentations to the court and referring sanctions order to disciplinary counsel of the Ohio Supreme Court, of which the attorney was a member).

The court recognizes that "any sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989); *see also* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). For example, in *Hayes*, an attorney was sanctioned pursuant to the court's inherent power for citing one fictitious case. *Hayes*, 763 F. Supp. 3d at 1065. The court ordered the attorney to pay a $1,500 fine and serve a copy of the sanctions order on all district judges and magistrate judges within the district. *Id.* at 1073. The Clerk of the Court was also ordered to serve a copy of the sanctions order on the District of Columbia Bar, of which the attorney was a member. *Id.* By contrast, in *Mavy*, an attorney who submitted a brief full of "fabricated, misleading, or unsupported" citations was sanctioned for

violating FRCP 11. *Mavy*, 2025 WL 2355222, at *9. There, the court revoked the attorney's *pro hac vice* status and ordered the attorney to serve a copy of the sanctions order on her client, write a letter to the judges to whom she falsely attributed fictitious cases, and transmit a copy of the sanctions order on every judge presiding over any case in which the attorney was counsel of record. *Id.* at *10. The court also directed the clerk of the court to serve a copy of the sanctions order on the Washington State Bar Association, of which the attorney was a member. *Id.*

Here, Attorney Ardestani's conduct is egregious. Attorney Ardestani submitted Plaintiff's motion for reconsideration filled with erroneous citations, including fabricated citations to cases that do not exist. "Many harms flow from the submission of fake opinions." *Mata*, 678 F. Supp. 3d at 448–49. Specifically,

> [t]he opposing party wastes time and money in exposing the deception. The [c]ourt's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*Id.* The harm to this court is particularly noteworthy. "The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation." *Williams v. Unknown Parties*, No. 1:25-cv-00799-JLT-GSA, 2025 WL 2345104, at *2 n.1 (E.D. Cal. Aug. 13, 2025) (citation omitted). Attorney Ardestani's conduct has led to a waste of limited time and judicial resources in a district that has labored under a long-standing caseload crisis. "The seriousness of filing fictitious case citations—and the corresponding waste of judicial and party resources— warrants a penalty sufficient to deter future violations like [Attorney Ardestani's] which courts have unfortunately 'seen a rash of' in recent years." *See Elizondo v. City of Laredo*, No. 5:25-cv-00050, 2025 WL 2071072, at *3 (S.D. Tex. July 23, 2025) (citation omitted).

Further, Attorney Ardestani failed to satisfy her ethical duties as an officer of this court. "An attorney's failure to review for accuracy a document that he or she signs and submits to a court, and resulting submission of false information, very clearly implicates several of the

attorney's ethical obligations." *Dehghani*, 2025 WL 1361765, at \*5. When an attorney appears before the court, the "attorney does not simply act as an advocate for [her] client; [she] is also an officer of the court. As such, an attorney has a duty of good faith and candor in dealing with the judiciary." *Pac. Harbor Capital*, 210 F.3d at 1119 (citation omitted). Attorney Ardestani's failure to be forthcoming regarding her nonexistent and erroneous citations supports the court's imposition of a serious sanction, including reporting of Attorney Aredstani's conduct to the State Bar of California. *See Dehghani*, 2025 WL 1361765, at \*5 (noting that "[r]eport[ing] to disciplinary authorities is not an uncommon sanction for an attorney's making misrepresentations to the court in violation of [FRCP]11(b)" and collecting cases); *cf. Benjamin*, 779 F. Supp. 3d at 351 ("The [c]ourt's sanction is lower than in many other similar cases in part because of [attorney's] candor and sincere regret."); *Crespo v. Tesla, Inc*., No. 25-cv-80129, 2025 WL 1799411 (S.D. Fla. June 30, 2025), *aff'd*, No. 9:25-cv-80129, 2025 WL 2326039, at \*2 (S.D. Fla. Aug. 12, 2025) ("The [c]ourt notes that had [p]laintiff engaged in a lack of candor regarding the fake citations, the sanctions considered in this case would be much more serious.").

Finally, the court is mindful that Attorney Ardestani was facing difficult personal circumstances at the time she submitted Plaintiff's motion for reconsideration. (*See* Doc. No. 49 at 2.) However, Attorney Ardestani is not Plaintiff's only counsel of record. If Attorney Ardestani was unable to focus on Plaintiff's motion for reconsideration, she could have obtained assistance from her co-counsel. To the extent Attorney Ardestani suggests time constraints led to the erroneous citations in Plaintiff's motion for reconsideration, the court notes there was no deadline set by the court for the filing of Plaintiff's motion. Attorney Ardestani could have filed the motion on behalf of Plaintiff at any time. Indeed, nearly three months had already passed since the court's order compelling arbitration before Attorney Ardestani filed Plaintiff's motion for reconsideration of that order.

Having carefully considered Attorney Ardestani's conduct, as well as sanctions imposed by other courts for similar conduct, the court concludes that the following sanctions are appropriate: (1) a $1,500 monetary sanction against Attorney Ardestani personally, payable to the court; (2) a requirement that Attorney Ardestani serve a copy of this order on her client; and (3) a

directive to the Clerk of the Court to serve a copy of this order on the State Bar of California, of which Attorney Ardestani is a member.[4] The court finds that these sanctions are proportionate to Attorney Ardestani's conduct and will serve as an effective deterrent to Attorney Ardestani and other members of the bar.

## CONCLUSION

For the reasons stated above, the court orders the following sanctions for violations of Federal Rule of Civil Procedure 11(b) and Local Rule 180(e):

1.    Attorney Sepideh Ardestani is personally sanctioned in the amount of $1,500. Within 10 days of the date of this order, Attorney Ardestani shall pay these sanctions to the Clerk of the Court. The case number and a copy of this order should be included with payment.

2.    Within 7 days of the date of this order, Attorney Ardestani shall serve a copy of this order on Plaintiff.

3.    The court orders the Clerk of the Court to serve a copy of this order on the State Bar of California, of which Attorney Ardestani is a member.

4.    The order to show cause issued on June 16, 2025 (Doc. No. 48) is hereby discharged.

IT IS SO ORDERED.

Dated:    __September 8, 2025__

Dena Coggins
United States District Judge

---

[4] Because the court *sua sponte* imposes sanctions, and not on any parties' motion, the monetary sanction must be paid to the court. *See* Fed. R. Civ. P. 11(c)(4).

24